Argued and submitted December 7, 1984, affirmed as modified July 17, 1985

In the Matter of the Marriage of
WOOD,
*Respondent,*
*and*
WOOD,
*Appellant.*
(D8209-72534; CA A31674)
702 P2d 1164

Randall Vogt, Portland, argued the cause and filed the brief for appellant.

Eric Young, Gresham, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

PER CURIAM

Newman, J., concurring in part and dissenting in part.

## PER CURIAM

Husband appeals from a decree of dissolution. He contests the award of permanent spousal support, the division of property and the award of attorney fees.[1] We affirm in all respects except the award of permanent spousal support.

The parties were married in September, 1964, and separated in 1982. Wife, age 38, has been a diabetic since the age of 12 or 13. Her diabetes, however, is not disabling at this time and does not materially diminish her ability to earn a living. The trial court awarded her about 60 percent of the marital assets. Because she is in relatively good health at this time, is still young and has been awarded the long half of the marital assets, permanent spousal support should not have been awarded. Accordingly, we modify the decree to terminate spousal support six years after the date of the original decree.

Decree modified to terminate spousal support six years from date of the original decree; otherwise affirmed. No costs to either party.

**NEWMAN, J.,** concurring in part; dissenting in part.

I dissent only from the majority's decision to modify the decree to terminate the $200 per month spousal support in six years. The trial court awarded permanent spousal support primarily because of the disparity in the parties' earning capacities. Moreover, although wife's diabetes is not presently disabling, the medical evidence indicates that it probably ultimately will be disabling. Health and the cost of health care are factors in awarding spousal support. ORS 107.105(1)(d). Permanent spousal support is appropriate here because of the disparity in the parties' incomes and earning potentials, their long marriage, the reasonable expenses of wife in continuing to maintain her residence and the probable ultimate deterioration of wife's health as a consequence of her diabetes.

---

[1] Husband also claims that the trial court erred in finding that his earning potential exceeds that of wife. No such finding is contained in the decree, and there are no separate findings of fact in the record. The record does show, however, that husband's present earnings are nearly twice those of wife and that he has had more education and working experience than wife. The claim of error borders on the frivolous.