Argued and submitted April 21, affirmed as modified October 29, 1986

# In the Matter of the Marriage of

## CROWLEY,
### *Respondent,*
### *and*

## CROWLEY,
### *Appellant.*

### (84-0328; CA A36345)

727 P2d 141

Michael E. Swaim, Salem, argued the cause for appellant. With him on the brief was Swaim, Betterton & Eder, Salem.

Roger H. Reid, Albany, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Husband appeals from portions of a dissolution judgment requiring him to pay $400 per month spousal support until he reaches 65 years of age and placing a coin collection in trust for the parties' children.

Husband and wife were married in 1958 and had four children, all of whom are now emancipated. The parties moved frequently during their first 15 years of marriage because of husband's service in the military. He retired from the military in 1975, and the parties made their home in Albany. He has been employed by the State of Oregon as a vocational training supervisor for 11 years. With his military retirement, his monthly gross income is $3,052.

Wife is 46 years old. She worked off and on during their 25 years of marriage, sometimes quitting satisfactory jobs to move with her husband. Since 1980, she has been employed as a credit coordinator with a food processing company. Her monthly gross income is approximately $1,450. She was awarded 42 percent of husband's military retirement payments, which equal $327.60 per month, giving her a total gross income of $1,770. Each party received approximately equal shares of the marital property. Husband claims that neither his wife's standard of living nor the relative incomes of the parties justifies the spousal support award. He asserts also that the trial court had no authority to award property of the parties to their adult children. We affirm the trial court's order regarding support payments but modify that portion of the dissolution decree that grants the coin collection in trust to the parties' children.

In arriving at the proper amount of spousal support, a court should consider the duration of the marriage, the parties' ages, health, work experience, earning capacities, financial condition and need for career retraining. ORS 107.105(1)(d). Each party should have "the opportunity to achieve an economic standard of living not overly disproportionate to that enjoyed during the marriage, to the extent that is possible." ORS 107.105(1)(d)(M). In *Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977), the court discussed appropriate considerations for spousal support in the light of applicable statutes and court decisions:

"* * * The legislature has directed the courts to consider, among other things, the wife's earning capacity and financial condition. For those factors to be meaningfully considered, they must be compared to something. The Court of Appeals has chosen to compare them to the standard of living during the marriage and to the husband's income potential. Nothing in the statutory scheme forbids that approach or directs that the comparison be made instead to the minimum amount necessary to provide food, shelter, and other basic necessities." 280 Or at 352.

■ Wife appears to have forgone occupational opportunities in maintaining the long-term marriage. There are no significant health problems, dependents or unique tax consequences affecting the parties. Despite husband's contentions, wife's monthly living expense estimate appears reasonable. The record indicates that, because of the dissolution of the marriage, wife has lost the protection of several insurance policies and is incurring other expenses for the first time — including psychiatric counseling.

Husband has the financial ability to comply with the support order. Even after paying spousal support, his monthly income would still be substantially greater than wife's total income. We conclude that the $400 per month spousal support award, to continue until husband is 65 years old, is reasonably calculated to allow wife to maintain a standard of living substantially similar to that she enjoyed during the marriage without unduly burdening husband.

■ The trial court's award of a coin collection in trust to the parties' adult children raises a more difficult question. ORS 107.105(1)(g)(A) confers on the trial court the authority to create trusts for the benefit of the parties' children.[1] However, that relates only to the provision of support for children entitled to support. We conclude that under the circumstances, the court had no authority to award marital property to the emancipated children, who were not parties to

---

[1] Relevant portions of ORS 107.105(1)(g)(A) provide:

"(g)  For the creation of trusts as follows:

"(A) For the appointment of one or more trustees to hold, control and manage for the benefit of the children of the parties, of the marriage or otherwise, such the real or personal property of either or both of the parties, as the court may order to be allocated or appropriated to their support and welfare * * *."

the proceeding. Husband asserted that he had made a hobby of coin collecting and that the collection was his personal property. We conclude that the coin collection should be awarded to husband.

Judgment modified to award coin collection to husband; affirmed as modified.[2] No costs to either party.

---

[2] Husband stated at trial that he had given part of "the mercury dime collection" to his wife. Therefore, that portion of the collection is not included in this court's order of modification.