In the Matter of the Marriage of

GRAF,
*Appellant,*
*and*

GRAF,
*Respondent.*

(86-2409-NJ-3; CA A48765)

776 P2d 46

Richard A. Stark, Medford, argued the cause for appellant. With him on the brief was Stark and Hammack, Medford.

John E. Ferris, Medford, argued the cause for respondent. With him on the brief was Ferris & Hunter, Medford.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Husband appeals from a dissolution judgment, seeking a reduction in the amount and duration of spousal support awarded wife. On *de novo* review, we modify the award.

The parties were married for 18 years. At the time of the dissolution, husband was 44, wife was 42. Wife has custody of their two children, ages five and 12. Husband is a hospital administrator and has net pay of approximately $2,700 a month. Wife worked only occasionally during the marriage but has a college degree in biology. In August, 1987, she received her teaching certificate. She was not employed at the time of trial, but was looking for a teaching position that she expected would pay $14,000 to $17,000 per year. The parties' property was divided equally, with each receiving assets worth approximately $64,000. The trial court awarded child support of $250 per child per month. Husband was also required to pay two-thirds of any uninsured medical expenses of the children. Wife was awarded spousal support in the amount of $1,000 per month for two years, $800 per month for six years and $500 per month for an additional 69 months.

**1.** Husband argues that the amount and duration of the spousal support award is excessive. We agree. There are several factors to be considered in determining the appropriate amount of spousal support. ORS 107.105(1)(d). The parties are relatively young. Both have earning capacities but, because of husband's opportunity to work in his profession for an extended period of time, his earning capacity is significantly greater than wife's. Because of his "head start" and also because he is in a higher paying profession, his earning capacity will likely always be greater than wife's.

Under ORS 107.105(1)(d)(F), when, through the joint efforts of the parties, one spouse has achieved a substantially advantageous economic position, the court may award the disadvantaged party support "so that the standard of living for the disadvantaged party will not be overly disproportionate to that enjoyed during the marriage, to the extent that that is practicable." In this case, husband is in a substantially more advantageous economic position, in part because of wife's willingness to perform the role of homemaker. The spousal support award here should compensate wife for the disparity in earning capacities.

**2.** However, at the same time, as recognized in *Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977), the objective of spousal support is to allow the dependent spouse to have a standard of living "not overly disproportionate one way or the other" to that enjoyed during the marriage. It is not necessary that support be awarded in an amount that will equalize the parties' incomes, nor is it just and equitable to allow a former spouse to look to the other for support indefinitely if self-support at a reasonable level is or will be possible. We conclude that wife will be sufficiently compensated for her contribution to husband's earning capacity and that the statutory objectives will be best achieved by modifying the spousal support award to $1,000 per month for two years from April, 1987, $700 per month for four years thereafter and $500 for an additional four years, with payments as provided in the judgment.

Judgment modified to provide spousal support of $1,000 per month for two years beginning April, 1987, $700 per month for four years thereafter and $500 per month for an additional four years; affirmed as modified. No costs to either party.