Argued and submitted April 6, affirmed as modified August 8, 1990

In the Matter of the Marriage of

Louis W. LATIMER,
*Appellant,*

*and*

Jean Elizabeth LATIMER,
*Respondent.*

(88-1203; CA A62288)

795 P2d 1102

J. Michael Alexander, Salem, argued the cause for appellant. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Robert T. Scott, Albany, argued the cause for respondent. With him on the brief was Scott & Norman, P.C., Albany.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Husband appeals from a dissolution judgment, seeking a reduction in the amount and duration of the spousal support award. On *de novo* review, we modify the award.

This was an 18-year marriage that produced no children. Wife's daughter from a previous marriage, who lived with the parties for a time, is now an adult. Husband, who is 50 years old and in good health, is a long-time employee of Teledyne Wah Chang. In 1988, his gross earnings were $47,366. Wife, age 47, suffers from severe headaches three to four days per month. She has a bachelor's degree in chemistry, which she received in 1969. In 1970, she also obtained a teaching certificate, which expired in 1974. Early in the marriage, wife worked at several short-term jobs in the chemistry field and as a substitute teacher. Other than raising horses on the parties' property, an unprofitable venture, she has not been employed outside the home since 1972.

The trial court made an essentially equal property division. Each party received property worth approximately $67,077, including an equalizing judgment of $2,603 to husband. The trial court concluded that wife should receive spousal support of $1,400 per month for two years during a period of training and $1,200 per month permanently thereafter. However, "to equalize the distribution," it reduced the amount she was to receive during the first two years to $1,200 per month.

Husband contends that the trial court's award of spousal support was excessive both in amount and duration. He points out that a spousal support award need not equalize the parties' income. Moreover, he asserts, if a former spouse can support herself at a reasonable level, permanent support is inappropriate. According to husband, wife admits that her age, health and education currently would enable her to find a job that would pay $1,000 per month and that, with retraining, she could earn twice that amount. Considering her earning capacity, he argues, the trial court erred in awarding wife full support indefinitely. He suggests that an appropriate award would be $1,000 per month for two years and $500 per month for the next five years, after which all support should terminate.

ORS 107.105(1)(d) states the factors that a trial court must consider in fashioning a "just and equitable" support provision. They include:

"(A)    The length of the marriage;

"(B)    The age and the physical and mental health of the parties;

"* * * * *

"(D)    The earning capacity of each party, including educational background, training, employment skills and work experience;

"(E)    The need for education, training or retraining to enable a party to become employable at suitable work or to enable the party to pursue career objectives to become self-supporting at a standard of living not overly disproportionate to that enjoyed during the marriage to the extent that is possible;

"(F)    The extent to which the present and future earning capacity of a party is impaired due to the party's extended absence from the job market to perform the role of homemaker, the extent to which suitable job opportunities are unavailable to a party considering the age of the party and the length of time reasonably anticipated for a party to obtain training or updating of career or job skills. In a case of a party's extended absence from the job market to perform the role of homemaker, where it is likely that the party will never substantially recover from the loss of economic position due to the extended absence, and where the other party has, during the marriage, achieved a substantially advantageous economic position through the joint efforts of the parties, the court may award the disadvantaged party support as compensation therefor, so that the standard of living for the disadvantaged party will not be overly disproportionate to that enjoyed during the marriage, to the extent that that is practicable;

"* * * * *

"(H)    The tax liabilities or benefits to each party and the net spendable income available to each party after accounting for such liabilities and benefits * * *."

■    As the trial court observed, this is a long-term marriage in which wife has foregone the opportunity to gain work experience or advance a career so that she could perform the role of homemaker. At present, her earning capacity is minimal, compared to husband's. In all likelihood, a significant

discrepancy will remain, even if she obtains further education or training. Under those circumstances, permanent support is appropriate. *See Grove and Grove,* 280 Or 341, 347, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977); *Franzke and Franzke,* 51 Or App 35, 41, 624 P2d 632, *aff'd* 292 Or 110, 637 P2d 595 (1981).

■    We agree with husband, however, that the amount of support awarded was excessive. Under ORS 107.105(1)(d)(D), the trial court must consider "[t]he earning capacity of each party." At trial, wife expressed anxiety about reentering the job market at her age and without significant work experience. She also testified, however, that she could currently "find a technician job or something of that sort" that would pay $12,000 a year and that, with one and a half years' more schooling, she probably could get a job that would pay approximately $20,000. Moreover, despite her fears, wife is not old, is in relatively good health[1] and has some education. Wife's current unemployment appears to stem from a lack of motivation, rather than an inability to find work. Although, at this stage of her life, wife may be reluctant to embark on a new career, she nevertheless has an obligation to contribute to her own support.

The trial court appears to have provided a "stepped down" support award to enable wife to obtain more education. That is an appropriate means of encouraging her to become more economically self-sufficient. At the same time, however, it provided her with enough permanent support to pay nearly all of her monthly expenses, which, according to its findings, were $1,400. That effectively removes any incentive for her to contribute to her own support and also fails to consider her present and future earning capacity. As husband points out, even if his earnings continue to exceed wife's, it is not required that their incomes be equal. *Richardson and Richardson,* 307 Or 370, 383, 769 P2d 179 (1989). Considering all relevant factors, including husband's net income of approximately $2,800 per month, the court's award of $1,200 per month, to be paid indefinitely, is excessive.

■    On *de novo* review, we conclude that wife should receive $1,000 per month for two years, commencing July 1,

---

[1] We agree with the trial court that wife's health problems are not disabling.

1989, and $750 per month thereafter. The larger amount, combined with what wife is able to earn part-time, should enable her to obtain further education. After she completes her training and gains employment, she will continue to receive support adequate to ensure that her standard of living is not overly disproportionate to that she enjoyed during the marriage. To equalize the property distribution, the award must be reduced by $100 per month until the judgment in favor of husband is satisfied.

Judgment modified to provide spousal support of $1,000 per month for two years, commencing July 1, 1989, and $750 per month thereafter, to be reduced by $100 per month until judgment in husband's favor is paid in full; affirmed as modified. No costs to either party.