Argued and submitted October 21, 1992, affirmed on appeal and cross-appeal October 20, 1993

In the Matter of the Marriage of

Roger Lee RISCH,
*Appellant - Cross-Respondent,*
*and*

Ruth Marion RISCH,
*Respondent - Cross-Appellant.*

(90-11-325; CA A72977)

860 P2d 891

Jeanette Bello argued the cause for appellant - cross-respondent. With her on the brief were Richard Dobbins and Dobbins & McCurdy.

Susan E. Watts argued the cause for respondent - cross-appellant. With her on the brief was Kennedy, King & Zimmer.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Husband appeals from a judgment of dissolution. He assigns error to the property disposition and to the award of spousal support. Wife cross-appeals the award of spousal support. We review *de novo*, ORS 19.125(3), and affirm on appeal and on cross-appeal.

Husband and wife were married in 1966. At the time of trial, wife was 44 years old and had worked as a real estate agent for four years. Husband was 49 years old and working for Portland General Electric. Wife's gross income for the full year immediately preceding trial was $26,000, with no health or retirement benefits. Husband earned $45,000 gross income for the same period, plus retirement and health benefits. The court awarded wife slightly more than half of the parties' assets.[1] The court also awarded wife spousal support of $1,000 per month for two years and $750 per month for the following eight years.

■     Husband assigns error to the property division. He argues that the court should have divided the assets equally, because wife's earning capacity has been steadily increasing since she began work and she "may well have greater earning capacity than husband before many years." In awarding wife the "long half" of the assets, the court explained:

> "The distribution of these retirement assets has been weighed in favor of the wife. The Court would note that her occupation will not provide a retirement benefit. The husband will continue to accrue additional retirement benefits through his employment. I think it is equitable that those retirement benefits be there and available to the wife."

■     Special circumstances may dictate an unequal division of the parties' assets. *Stice and Stice*, 308 Or 316, 328, 779 P2d 1020 (1989). Husband's retirement pension was not valued in the computation of marital assets, because it was two years from vesting. This unvested interest is nevertheless a marital asset and represents future security for husband.

---

[1] The record does not contain findings about the specific value of the assets. Wife calculated the total value of assets awarded to her as $152,987 and to husband as $126,021. Husband suggests slightly higher totals, based on the values used by wife but without deducting for taxes on the Individual Retirement Accounts.

*See Richardson and Richardson,* 307 Or 370, 376, 769 P2d 179 (1989). The court's disposition is equitable.

■ Husband also assigns error to the amount and duration of the spousal support award. Wife cross-appeals the court's decision to terminate spousal support after ten years. Husband contends that reducing spousal support to $500 per year for five years would be more equitable.

■ One purpose of spousal support is to give the dependant spouse time to obtain training and experience necessary to pursue career objectives. *Grove and Grove,* 280 Or 341, 346, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977). The court found that wife's career was in its infancy and that, although her career would slowly improve, her earning power would not reach the level of husband's for many years. Wife contributed to husband's earning power by working as a homemaker for most of the marriage. As a result, she is just beginning her career and husband is in a substantially advantageous economic position. *See Graf and Graf,* 97 Or App 425, 427, 776 P2d 46 (1989).

■ Wife cites *Latimer and Latimer,* 103 Or App 43, 795 P2d 1102 (1990), in support of her argument that permanent support is appropriate because she has shown that, during this long-term marriage, she gave up the opportunity to gain work experience or advance a career, and a significant discrepancy exists in the earning capacity of the parties. In *Latimer,* we sustained an indefinite spousal support award to a wife in part because

"a significant discrepancy [in the comparative earning capacities of the parties] will remain even if she obtains further education or training." 103 Or App at 46.

On that point, this case is distinguishable from *Latimer.* Wife has not foregone the opportunity to gain work experience. She is only 44 years old, has already obtained the education necessary for her career and has begun to pursue it. *See Doering and Doering,* 71 Or App 101, 104, 691 P2d 120 (1984). Her career opportunities are not limited by the need to supervise young children. Under those circumstances, the court's decision to terminate spousal support

after 10 years is equitable. We reject the parties'
arguments.

Affirmed on appeal and on cross-appeal. No costs to
either party.