Argued and submitted May 20, remanded with instructions to enter modified judgment; otherwise affirmed December 8, 1993

In the Matter of the Marriage of

Mary Louise ROBINSON,
*Respondent,*
*and*

Jerome Fehren ROBINSON,
*Appellant.*

(CV 91-749; CA A74555)

865 P2d 411

George W. Kelly argued the cause and filed the brief for appellant.

George L. Anderson argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Husband appeals from a dissolution judgment, challenging the trial court's award of spousal support and child support. On *de novo* review, we modify the judgment.

At the time of trial, the parties had been married 14 years. Husband was 41 years old and wife was 39. They have two children, ages 7 and 9.

Husband entered the marriage as a licensed practical nurse, with more than seven years' experience in health care. Shortly after the marriage, he entered a two-year program at Blue Mountain Community College and became a registered nurse. His educational expenses were paid by the Veterans' Administration. He currently works for the State of Oregon as a registered nurse and is paid $2,777 a month gross income. He also receives a veteran's pension of $351 a month.

Wife entered the marriage with an associate of arts degree from Blue Mountain Community College and had worked as a secretary. While husband attended school, she worked full time. After the birth of their first child, wife began working half time. A year and a half before trial, she began working as a legal secretary. She continues to hold that job, earning $1,386 a month gross income. While she works, the children are in child care, for which wife currently pays $120 a month. However, that figure is based on her mother providing the child care, and wife expects that her mother, who was 59 at the time of trial, will soon be unable to care for them. Wife testified that child care from other providers costs up to $192 a month.

The trial court awarded wife the custody of the two children and set child support at $623 a month, although it did not explain how it arrived at that figure. Wife was awarded the family home and the bulk of the personal property. Husband was awarded an equalizing lien on the home in the amount of $7,623, payable within 15 years. Wife also received an award of $300 a month indefinite spousal support.

■ Husband first assigns error to the trial court's decision to grant spousal support for an indefinite duration. According to husband, wife's good health, education and job experience warrant an award of support for a more limited

duration. Wife argues that indefinite support is warranted because of her inability to earn as much income as husband, because of her need for further education and training and because she "put husband through college."

■■ In setting the duration of spousal support, our objective is to arrive at a period of time that is "just and equitable," taking into account both need and ability to pay and keeping in mind the statutory goal of ending the support dependency relationship within a reasonable time. ORS 107.105(1)(d); *Christensen and Christensen*, 123 Or App 412, 416, 859 P2d 1192 (1993). Among the factors that are relevant to the determination of support duration are the age and health of the parties, the earning capacity, employment skills and work experience of each party and the extent to which the earning capacity of a party is impaired because of an extended absence from the job market to attend to family needs. ORS 107.105(1)(d); *Crowley and Crowley*, 82 Or App 27, 29-30, 727 P2d 141 (1986).

Wife is young and in good health. There is no evidence that her earning capacity is impaired because of an extended absence from the workplace. Although she reduced her work schedule to half time following the birth of her first child, she has worked continually for more than 20 years. Husband attended school during the marriage, but his expenses were paid by the Veterans' Administration. Thus, wife's assertion that she "put husband through college" is not entirely accurate. Under the circumstances, an award of indefinite support is unwarranted. *See Graf and Graf*, 97 Or App 425, 427-28, 776 P2d 46 (1989); *Wood and Wood*, 74 Or 602, 603, 702 P2d 1164 (1985). Wife does, however, require support for a period of time sufficient to enable her to pursue further education while continuing to care for her children. We find that a period of seven years from the date of the original judgment is just and equitable.

■ Husband also assigns error to the trial court's award of $623 a month child support. According to husband, the trial court must have erred in reaching that figure because, assuming that wife's child care expenses are $120 a month, the award dictated by application of the Oregon Child Support Guidelines is $595 a month. OAR 137-50-320 *et seq*. The key to husband's argument is his assumption that wife's child

care expenses are only $120 a month. We find evidence in the record that wife's child care expenses are at least $175 a month. Based on that figure for child care, the child support award required by the guidelines is precisely $623. OAR 137-50-330.

Remanded with instructions to enter modified judgment terminating spousal support seven years from the date of the original judgment; otherwise affirmed. Costs, not including attorney fees, to husband.