149

Argued and submitted September 20, remanded for entry of judgment modifying spousal support; otherwise affirmed November 2, 1994

In the Matter of the Marriage of

Stephanie Ann GOODMAN,
aka Stephanie Ann Cartmill,
*Respondent,*
*and*

Alan Stuart GOODMAN,
*Appellant.*

(C92-2205-DR, C92-1469-DR; CA A82486)

884 P2d 553

Charles D. Gazzola argued the cause for appellant. With him on the brief was Stahancyk, Gazzola & Gearing, P.C.

Linda J. Larkin argued the cause for respondent. With her on the brief was Carney, Buckley, Kasameyer & Hays.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

**WARREN, P. J.**

Husband appeals from a dissolution judgment that awarded wife indefinite spousal support. On *de novo* review, ORS 19.125(3), we modify the judgment.

The parties ended their 20-year marriage in 1993. Wife is 45 and husband is 47. Both are in good health. At the time of the dissolution, husband's monthly gross income was $4,924. Wife was working part time as a nurse, with a monthly gross income of $1,903. The dissolution judgment, in part, awarded wife spousal support of $800 per month for five years, $600 per month for the following six years and indefinite support of $500 per month thereafter.

Husband assigns error to the award of indefinite support. He argues that wife has the ability to become self-supporting and that the award of indefinite support encourages her to depend permanently on him. Wife argues that, because she did not work throughout the marriage, she is "economically disadvantaged." She asserts that her absence from the work place during much of the marriage prevents her "from obtaining [the] necessary experience, skill and competency to maximize her income earning capacity."

■ Factors that are relevant to determining the duration of an award of spousal support are the age and health of the parties, the earning capacity, employment and work experience of each party and the extent to which the earning capacity of a party is impaired because of an extended absence from the job market to attend to family needs. ORS 107.105(1)(d); *Crowley and Crowley*, 82 Or App 27, 29-30, 727 P2d 141 (1986).

■ Here, wife is in good health, has a Bachelor of Science degree in nursing, and worked as a nurse part time during the marriage.[1] There is some evidence that, because wife did not work full time throughout the marriage, her earning capacity has been affected. However, there is also evidence that, should wife work full time, she could be at the top of her pay scale within ten years. Other evidence suggests that full-time nursing positions, although scarce, are available. Moreover,

---

[1] Wife worked at different times during the marriage and has a total of five and one-half years' experience as a nurse.

wife testified that she could further increase her earning capacity by returning to school and completing a Master's degree.

■      The support-dependency relationship should be ended within a reasonable time, if that can be accomplished without injustice or undue hardship. *Grove and Grove*, 280 Or 341, 353, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977). That is so here. On *de novo* review, we conclude that, considering wife's age, good health, education and experience, she has the ability to become self-supporting and enjoy a standard of living not overly disproportionate to what she enjoyed during the marriage, within ten years. *See* ORS 107.105(1)(d)(F); *Bates and Bates*, 303 Or 40, 46, 733 P2d 1363 (1987). Accordingly, spousal support should not be indefinite.

Remanded for entry of judgment modifying spousal support as follows: $800 payable in two installments of $400 each due on the 5th and 20th days of each month until August 5, 1998, when spousal support shall decrease to $600 per month payable in two installments of $300 each due on the 5th and 20th days of each month thereafter until August 5, 2000, when spousal support shall decrease to $500 per month payable in two installments of $250 each due on the 5th and 20th days of each month thereafter until August 5, 2003; otherwise affirmed. Costs, not including attorney fees, to husband.