Argued and submitted October 6, 1994, remanded with instructions in part; otherwise affirmed February 22, 1995

In the Matter of the Marriage of

Peggy J. LEY,
*Respondent,*

*and*

Fredrick W. LEY,
*Appellant.*

(C93-0601DR; CA A82861)

890 P2d 440

JoAnn B. Reynolds argued the cause for appellant. With her on the brief was Bennett & Hartman.

Christopher Skagen argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Leeson and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Husband appeals from a dissolution judgment, challenging the trial court's award of spousal support and the property division. We review *de novo*, ORS 19.125(3); and modify the judgment.

The parties were married for 14 years. At the time of trial, husband was 41 years old, and wife was 37. Wife was awarded custody of their two children, ages 12 and 10. Husband is employed at NIKE, Inc., as a vice president of human resources. He has been employed in similar positions with other companies and had been at NIKE for about two years at the time of trial. Husband earns about $21,666 per month. In addition, in 1993, he received a bonus of $75,000. It was not anticipated that he would receive a bonus in 1994. Wife attended one year of college in 1975. At the beginning of the marriage, wife worked as a secretary earning about $10,000 per year. From 1989 to 1991, she worked as a bookkeeper for a landscape company. Other than that, she has worked only on a part-time basis and has produced little income. Her primary role in the marriage, by the agreement of the parties, has been as a homemaker.

The trial court awarded spousal support to wife as follows:

"November 1, 1993 through April 30, 1994     $9,075 per month
May 1, 1994 through October 31, 1994     8,000 per month
November 1, 1994 through October 31, 2000     7,000 per month
November 1, 2000 through October 31, 2005     5,000 per month
Thereafter, as permanent support     1,500 per month"

The court also awarded wife child support of $794 per month for the period between November 1, 1993, and April 30, 1994; $871 for the period of May 1, 1994, to November 1, 1994; and $943 per month thereafter. The court awarded approximately 62 percent of the parties' property to wife ($61,891), and 38 percent ($38,147) to husband. As part of the property division, husband was required to assume $49,144 of the family debt, and wife was to assume $20,559 of the debt. In addition, the court required husband to pay 60 percent of the property taxes and homeowner's assessment on the existing family home and required wife to pay the remaining 40 percent.

■ Husband first argues that the amount and duration of the spousal support award are excessive. In setting the appropriate amount and duration of spousal support, we are to award "such amount of money for such period of time as it may be just and equitable for the other party to contribute." ORS 107.105(1)(d). Under the statute, we consider such factors as the length of the marriage, the age and health of the parties, the number and ages of dependent children, the parties' earning capacities, including an assessment of their employment skills and work experience, as well as the extent to which the earning capacity of a party is impaired because of being absent from the job market to attend to family needs, and the need for education to enable the parties to pursue career objectives and become self-supporting at a standard of living "not overly disproportionate to that enjoyed during the marriage." *Richardson and Richardson*, 307 Or 370, 769 P2d 179 (1989).

■ Wife contends that the amount and duration of spousal support are appropriate because of the large disparity in the parties' earning capacities, and because the award is necessary to allow her to maintain a standard of living not overly disproportionate to that which was enjoyed during the marriage. However, the purpose of a support award is not to eliminate all disparities in the parties' incomes or to enable one party to look indefinitely to the other for support, if self-support at a reasonable level is or will be possible. *Madden and Madden*, 114 Or App 319, 325, 836 P2d 1349 (1992); *Wolhaupter-Heinzel and Heinzel*, 108 Or App 514, 521, 816 P2d 672, *rev den* 312 Or 526 (1991); *Graf and Graf*, 97 Or App 425, 428, 776 P2d 46 (1989). Our objective is to set spousal support award at an amount that is reasonable considering *all* of the appropriate factors under ORS 107.105(1)(d).

■ Wife is correct that husband's earning capacity is substantially greater than hers. Further, she is right that one of the reasons that husband is in a substantially more advantageous economic position is that she was willing to perform the role of homemaker. Accordingly, wife is entitled to a support award that will compensate her for her contribution to husband's earning capacity, as well as for her diminished earning capacity resulting from her absence from the job

market. ORS 107.105(1)(d)(F); *Graf and Graf, supra*. However, even after considering wife's contribution, we believe that the amount of the trial court's award of spousal support is excessive. We do not believe that the circumstances here justify such a large award, nor does the award achieve the objective of ending or limiting the support-dependency relationship, if reasonably possible.

The trial court's award failed to attribute *any* earning capacity to wife. In our view, although it is doubtful that she will ever achieve an earning capacity equivalent to husband's, wife has the ability to make some contribution to her own self-sufficiency. She is relatively young, 37. There is no indication in the record that she has any health problems or any other circumstances that would impair her ability to obtain training and employment. Although not extensive, she does have some work experience. We believe that it is appropriate to allow wife some time to develop her skills through education or work experience and, thus, agree with the trial court that stepped-down support is appropriate here. We also find, as did the trial court, that the amount of support awarded for the time period immediately following the dissolution judgment needs to be higher due to wife's continuing obligation to pay the monthly $3,600 mortgage payment on the family home which remains due until the house is sold.

Wife also argues that the trial court's award was necessary to allow her to maintain a standard of living "not overly disproportionate" to that enjoyed during the marriage. The parties did maintain an above average standard of living and that standard will be reduced somewhat. However, there are few dissolution cases in which the parties' standards of living do not go down. We do not believe that that factor alone justifies the trial court's award of spousal support. The standard of living that the parties maintained is only one of many factors that the court is to consider under ORS 107.105. In any event, the spousal support award, even as modified by this court, will allow wife to maintain a standard of living "not overly disproportionate" to that maintained during the marriage.

In view of all the circumstances, we conclude that the amount of spousal support should be reduced. In addition, we hold that the duration of the support award should be limited.

In determining the duration of a spousal support award, again, our objective is to decide on a period of time that is "just and equitable," taking into account both the parties' needs and the ability to pay and keeping in mind the statutory objective of ending the support dependency relationship within a reasonable time. *Robinson and Robinson*, 125 Or App 244, 865 P2d 411 (1993); *Christensen and Christensen*, 123 Or App 412, 859 P2d 1192 (1993). For the same reasons as discussed above, we believe that indefinite support is not justified here. We find that a period of 15 years from the date of the dissolution is just and equitable.

The spousal support award is modified to award wife $9,075 per month from November 1, 1993, to April 30, 1994; $8,000 per month from May 1, 1994, to October 31, 1994; $6,000 per month from October 31, 1994, to October 31, 1996; $4,000 per month from November 1, 1996, to October 31, 2000; and $1,500 per month from November 1, 2000, to October 31, 2008. This modified award is effective as of November 1, 1993.

■ Husband also argues that the trial court erred in awarding wife 62 percent of the marital property. Wife was given property worth $61,891, and he was given property valued at $38,147. Husband contends that there is no justification for not dividing the marital property equally. We agree.

■ Marital property is to be divided as equally as possible, absent special circumstances that would justify an unequal division of property. *Stice and Stice*, 308 Or 316, 327, 779 P2d 1020 (1989). Wife argues that the special circumstances that justify an unequal property division here are the disparate earning capacities of the parties. That factor, in appropriate circumstances, might justify an unequal division of property. For example, in *Bushell and Bushell*, 122 Or App 43, 857 P2d 174 (1993), we concluded that under the circumstances of that case, the difference in the parties' earning capacity justified unequal division. We explained in *Bushell* that the wife's present and future earning capacity was fairly limited and that she would receive only $600 per month in spousal support. Further, the only asset that she received in the dissolution was the parties' home. We noted that she had the responsibility to maintain the home as a residence for the

four minor children that she had custody of and that, in order to equalize the property division between the parties, it would be necessary to award an equalizing judgment to husband. We concluded that, under those circumstances, such an award would unduly burden the wife and that an unequal property division was justified. The circumstances here are far different. The spousal support award, together with the income that wife may produce on her own, and the child support award, will allow her to care for herself and her children. We find no special circumstances here that justify an unequal division of property. Accordingly, we award husband an equalizing judgment of $11,872.

■ Husband also assigns error to the trial court's order requiring him to pay 60 percent of the property taxes due on the family home on November 15, 1993, as well as 60 percent of any homeowner assessments levied on the family home. For the reasons discussed above, an equal division of this obligation is appropriate. Accordingly, the judgment is modified to require husband and wife each to pay 50 percent of the property taxes and homeowner assessments.

Remanded with instructions to enter modified judgment awarding spousal support, effective November 1, 1993, to wife of $9,075 per month from November 1, 1993, to April 30, 1994; $8,000 per month from May 1, 1994, to October 31, 1994; $6,000 per month from November 1, 1994, to October 31, 1996; $4,000 per month from November 1, 1996, to October 31, 2000; and $1,500 per month from November 1, 2000, to October 31, 2008, and to provide an equalizing judgment to husband in the amount of $11,872, and to require husband and wife to each pay 50 percent of the property taxes due as of November 15, 1993, and 50 percent of the homeowner assessments on the family home; otherwise affirmed. No costs to either party.