Argued and submitted February 16, remanded with instructions in part; otherwise affirmed May 15, 1996

In the Matter of the Marriage of

Kenneth Joe MILLS,
*Respondent,*
*and*

Roxane Lynn MILLS,
*Appellant.*

(93-11-323-DO; CA A88649)

917 P2d 498

Donald D. Diment, Jr., argued the cause for appellant. With him on the brief were Mindy Wekselblatt and Diment & Walker.

David B. Hydes argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

**EDMONDS, J.**

Wife appeals from a dissolution judgment, challenging the trial court's property distribution and the award of spousal support and child support. ORS 107.105. On *de novo* review, we modify the property award and otherwise affirm the judgment.

At the time of trial, the parties had been married 22 years and both were 41 years old. They have two children, ages 19 and 17. Both parties are high school graduates. Husband has less than one year of formal education beyond high school, and wife has passed the Oregon State Real Estate Examination after taking a course on real estate transactions. In 1984, the parties bought Mills Building Supply in John Day. The business was the primary source of income for the parties throughout the rest of their marriage. Both parties worked in the business and shared responsibilities related to the business. In 1990, wife moved to Bend with the parties' two children with the agreement of husband. The parties did not consider themselves separated until late 1992, and husband filed the petition for dissolution of their marriage in November 1993.

The trial court's distribution awards husband the family business, his residence, 47 acres in Grant County, various items of personal property and an interest in various retirement accounts. Wife received real property in Bend, a rental house in Grant County, $24,000 in cash, an interest in various retirement accounts and an equalizing judgment against husband in the amount of $180,833. She was also awarded $1,500 per month in spousal support for a period of 48 months. Additionally, husband was ordered to pay $700 per month in child support. The parties also owned bonds that they had purchased for their children's education. The trial court ordered that the bonds be held in trust for the benefit of the children's education and that the balance be paid to them when they reached the age of 21.

On appeal, wife raises six assignments of error. She first assigns as error the value that the court placed on the Bend real property. Husband concedes that assignment, and we modify the property division to include an additional

$5,050 in the equalizing judgment that husband is required to pay. As to the remaining assignments of error, we agree with the trial court's findings and rulings. Those assignments for the most part pertain to the parties' individual circumstances and, with one exception, a discussion of the issues framed by them would not otherwise benefit the bench or the bar.

■■ Wife's fourth assignment of error is that the trial court erred when it ordered husband to pay monthly spousal support of $1,500 per month for a period of four years. At trial, wife requested that the trial court grant spousal support of $2,500 per month for two years and $1,500 per month indefinitely. Instead, the court found:

> "Permanent spousal support is not justified. Wife is young and enjoys good health. She has had training in real estate sales. Moreover, she will have substantial cash at her disposal on division of property."

In *Robinson and Robinson*, 125 Or App 244, 247, 865 P2d 411 (1993), we discussed the objective of a spousal support award:

> "In setting the duration of spousal support, our objective is to arrive at a period of time that is 'just and equitable,' taking into account both need and ability to pay and keeping in mind the statutory goal of ending the support dependency relationship within a reasonable time. ORS 107.105(1)(d); *Christensen and Christensen*, 123 Or App 412, 416, 859 P2d 1192 (1993). Among the factors that are relevant to the determination of support duration are the age and health of the parties, the earning capacity, employment skills and work experience of each party and the extent to which the earning capacity of a party is impaired because of an extended absence from the job market to attend to family needs. ORS 107.105(1)(d); *Crowley and Crowley*, 82 Or App 27, 29-30, 727 P2d 141 (1986)."

We agree with the trial court's decision. Wife is relatively young and in good health. Before managing the parties' family business finances, she worked for four years as a part-time bookkeeper in a physician's office, one year as a volleyball coach, and four years as a bank teller. She also currently has an inactive real estate license. As a result of the property settlement, she receives monthly rental income of $630.98. In addition, she received $74,000 in cash as part of

the property division and $130,833 to be paid over 10 years in monthly installments of $1,750 at nine percent interest. Moreover, the difference between what the trial court ordered and what wife requests lies more in the duration of the support rather than in the amount. The purpose of spousal support in a case like this is not to equalize the parties' income. *Ley and Ley*, 133 Or App 138, 142, 890 P2d 440 (1995). Rather, it is to ease wife's transition to financial independence and to compensate her for any initial reductions in her earning capacity because of the dissolution of the marriage. *Krutsinger and Krutsinger*, 140 Or App 215, 914 P2d 1096 (1996). In the light of wife's work experience, earning potential and the property division awarded to her, we believe that the trial court's award of $1,500 per month for four years is reasonable and will afford wife the necessary time to develop her full economic potential.

Remanded with instructions to modify equalizing judgment in favor of wife to amount of $185,883; otherwise affirmed. Costs to wife, not including attorney fees.