Argued and submitted July 22, 1996, remanded with instructions in part and affirmed in part on appeal; affirmed on cross-appeal February 12, 1997

In the Matter of the Marriage of

Janice G. BENSON,
*Respondent - Cross-Appellant,*
*and*

Jack BENSON,
*Appellant - Cross-Respondent.*

(93-3-150; CA A83937)

932 P2d 104

*See also* 132 Or App 297, 888 P2d 96.

Terrance J. Slominski argued the cause and filed the briefs for appellant - cross-respondent.

Mark Johnson argued the cause for respondent - cross-appellant. With him on the brief were Jacqueline L. Koch and Findling & Johnson.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

■　　　　In this dissolution of a 22-year marriage, husband appeals the property division and award of attorney fees.[1] Wife cross-appeals the stepped-down spousal support award of $3,000 per month for three years; $2,000 per month for the following three years and $1,000 a month until January 2004. On *de novo* review, we agree with husband that the trial court erred in failing to give him time to finance the payment to wife of an equalizing judgment in the amount of $161,001.03. We remand with instructions to modify the judgment to make payment of the $161,001.03, plus interest that has accrued on that amount from entry of the judgment until payment, due one year after entry of the modified judgment. We otherwise affirm on husband's appeal. On cross-appeal, we agree with wife that an award of indefinite spousal support is warranted under the circumstances here.

■　　　　One objective in fixing spousal support includes ending or limiting the support dependency relationship if reasonably possible. *See Ley and Ley*, 133 Or App 138, 143, 890 P2d 440 (1995). However, completely ending that relationship here would require us to ignore the extent to which the present and future earning capacity of wife has been impaired because of her absence from the job market to attend to family needs. ORS 107.105(1)(d)(F).

The evidence did not show that wife has any marketable skills.[2] Wife was 45 at the time of trial and has a high school education. Her only employment was as a beautician before the birth of her son in 1975. Since then, she has been a homemaker.[3] At the time of trial, wife had no plans for

---

[1] The parties have one child who was 19 at the time of trial.

[2] Husband presented testimony from a vocational counselor, Lageman, that wife could qualify as a bookkeeper with a starting salary of approximately $1,275 a month and with a potential income of $2,000 a month. On our review of the record, we agree with the trial court that that evidence, which was based on wife's deposition, not a personal interview, was of limited value. On cross-examination, Lageman testified that, from watching the court testimony of wife's counselor, he learned that wife was suffering from low self-esteem and an upsetting relationship with husband. He agreed that those factors would affect wife's ability to become employed and that it could take three to six months for wife to "even her life out." Whether that could occur depended on the future contact wife has with husband who, during the separation, telephoned wife as many as 31 times a day.

[3] Wife also did some unpaid bookkeeping services for the family business but discontinued that work in 1986. That work was part time and was performed in the family home.

employment or further education. She testified that she was emotionally unstable but hoped to be working within five years. She recognized the difficulty she would have in finding employment but did not plan to return to work as a beautician, in part because of a sinus condition aggravated by exposure to chemicals. In contrast, husband's 1992 income from wages from the family business was $96,000. Given wife's limited work skills and 20-year absence from the market, husband's earning capacity is far greater than wife's and will remain so. Wife is entitled to a support award that takes into account her contribution to husband's earning capacity as well as her diminished earning capacity resulting from her absence from the labor force. *Ley*, 133 Or App at 141.

Wife's uniform support affidavit showed monthly living expenses of $4,617. Wife testified that she would need that amount until the family home, which was awarded to her, was sold, because the house expenses were more than $1,500 a month. However, wife also testified that some of her expenses were incurred to support the parties' college-aged son. We conclude that an award of $3,500 per month for four years from the date of the original judgment will allow wife the opportunity to sell the home and to formulate plans for a career and to begin to implement those plans. An award of $2,000 a month indefinitely thereafter will achieve the goal of limiting the dependency relationship while providing wife with an opportunity to achieve an economic standard of living not overly disproportionate to that enjoyed during the marriage. ORS 107.105(1)(d)(M).

On appeal, remanded with instructions to modify the judgment to require payment of the $161,001.03, plus interest accrued on that amount from entry of the judgment until payment, due one year after entry of the modified judgment; on cross-appeal, remanded with instructions to enter modified judgment awarding spousal support of $3,500 per month beginning February 5, 1994, to January 5, 1998, and $2,000 per month for an indefinite period thereafter; otherwise affirmed. No costs on appeal; on cross-appeal, costs to wife, not including attorney fees.