Argued and submitted February 25, remanded in part with instructions; otherwise affirmed August 4, 1999

## In the Matter of the Marriage of

## Terri Anne BARNHART,
*Respondent,*

*and*

## John David BARNHART,
*Appellant.*

## (C963956DR; CA A101433)

986 P2d 52

Paul G. Dodds argued the cause for appellant. With him on the brief was Brownstein, Rask, Arenz, Sweeney, Kerr & Grim, LLP.

Thomas A. Bittner argued the cause for respondent. With him on the brief was Schulte, Anderson, Downes & Aronson, P.C.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

DE MUNIZ, P. J.

**DE MUNIZ, P. J.**

Husband appeals from a dissolution judgment challenging the amount and duration of spousal support awarded by the trial court. We review *de novo*, ORS 19.415(3), and modify the judgment.

The parties were married in 1987 and had one child, who was seven years old at the time of trial. Husband and wife, both in their mid-thirties at the time of trial, have degrees from the University of Oregon. After graduation from college, wife worked for five years, earning $30,000 per year, and, in 1990, quit working when the parties' child was born. Wife has since returned to work as a real estate agent and earns approximately $1,500 per month. Husband is a salesman for and minority owner of LPM Systems. The trial court found that his monthly income was $7,800. Both parties are in good health.

The only matter for the court to resolve at trial was the amount and duration of spousal support. Following a trial on those issues, the court entered a judgment that, *inter alia*, required husband to pay spousal support in an initial amount of $1,800 per month and, after several interim stepped-down payments, indefinite spousal support of $500 per month.

Husband argues that the amount and duration (indefinite) of the spousal support award are excessive. We reject without further discussion husband's argument regarding the amount of the spousal support award and address only the trial court's *sua sponte* award of indefinite support at $500 per month.

■■ In determining the duration of a spousal support award, our goal is to arrive at a period of time that is "just and equitable," taking into account both need and ability to pay, keeping in mind the statutory mandate that the support dependency relationship end within a reasonable time. ORS 107.105(1)(d); *Christiansen and Christiansen*, 123 Or App 412, 416, 859 P2d 1192 (1993). We consider a number of factors in the determination of the duration of support, including the health, earning capacity, employment skills and work

experience of each party and the extent to which the earning capacity of a party is impaired because of extended absence from the job market to attend family needs. *Id.; Robinson and Robinson*, 125 Or App 244, 247, 865 P2d 411 (1993).

Wife is young, 37 years old, and in good health. She is a college graduate with prior significant work experience and has now returned to the work force as a realtor. Although her current income is modest, considering her education and good health, she should be able to obtain self sufficiency within a relatively short period of years. Further, although wife has custody of the parties' child, the child now attends school, and after-school care is provided by the child's maternal grandmother.

■ Under the circumstances, an award of indefinite support is unwarranted. We do agree, however, that support is required for a period of time sufficient for wife to reestablish herself in a career. We agree with the trial court's step down payment method and with the amounts. However, we find that the $500 per month award should continue for an additional two years, through December 31, 2004. Seven years should provide wife with sufficient time to reestablish her business career and is just and equitable under the circumstances.[1]

Remanded with instructions to enter modified judgment terminating spousal support seven years from January 1, 1998; otherwise affirmed.

---

[1] Because we have rejected husband's argument with regard to the amount of spousal support, we have no occasion to reexamine child support.