Argued and submitted August 31, 1988, affirmed as modified on appeal; affirmed on cross-appeal May 10, 1989

In the Matter of the Marriage of

BARCROFT,

*Appellant - Cross-Respondent,*

*and*

BARCROFT,

*Respondent - Cross-Appellant.*

(86-DO-0286-JC; CA A46479)

773 P2d 21

Greg O'Neill, Bend, argued the cause and submitted the briefs for appellant - cross-respondent.

Stephen P. Forte, Bend, argued the cause and submitted the brief for respondent - cross-appellant.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Husband appeals from a dissolution judgment, seeking a reduction in the amount and duration of spousal support awarded wife, who cross-appeals, asserting that the court erred in not awarding her attorney fees. On *de novo* review, we modify the spousal support award.

The dissolution of this 21-year marriage was effective on November 23, 1987. The parties' children are adults and are not provided for in the judgment. The property division is approximately equal, with husband receiving property worth $28,000 and wife, property worth $30,000. Wife was awarded spousal support of $500 per month for five years and $300 per month thereafter.

Husband assigns error to the amount and duration of spousal support. ORS 107.105(1)(d) provides that support may be awarded in an amount and for a period of time that is "just and equitable for the other party to contribute." Various factors that are relevant in making that determination are specified in the statute. The overall objective is to allow both spouses to retain a standard of living "not overly disproportionate" to the standard of living enjoyed during the marriage. *Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977).

A number of the statutory factors are pertinent to this case. Subsections (A) and (B) require consideration of the length of the marriage and the age and physical health of the parties. This is a 21-year marriage; both parties have some health problems, none of which interfere with their ability to work. Husband is 44, wife 41.

Subsections (C), (D) and (E) provide, respectively, for consideration of:

"(C)   The contribution by one spouse to the education, training and earning power of the other spouse;

"(D)   The earning capacity of each party, including educational background, training, employment skills and work experience;

"(E)   The need for education, training or retraining to enable a party to become employable at suitable work or to enable the party to pursue career objectives to become self-supporting at a standard of living not overly disproportionate

to that enjoyed during the marriage to the extent that is possible."

Wife apparently did not directly contribute financially to husband's education and training, but she did provide support as a homemaker. Husband has a bachelor's degree in business administration and has worked as a hospital purchasing agent for 12 years. His net monthly income is approximately $2,000. Wife worked for only three months during the marriage. She now works as a receptionist, earning a net income of about $600 a month. She has completed one year of college and intends to obtain a nursing degree. If she attends college full time, she can obtain her degree in three years. However, in order to do this she will have to reduce her work hours. She estimates that that would result in a reduction of her gross monthly income to about $300. At trial, she estimated that her tuition would be $223 per term.

Subsection (F) provides that, in determining spousal support, recognition is to be given to the impact of a spouse's absence from the job market on earning capacity:

"The extent to which the present and future earning capacity of a party is impaired due to the party's extended absence from the job market to perform the role of homemaker, the extent to which suitable job opportunities are unavailable to a party considering the age of the party and the length of time reasonably anticipated for a party to obtain training or updating of career or job skills. In a case of a party's extended absence from the job market to perform the role of homemaker, where it is likely that the party will never substantially recover from the loss of economic position due to the extended absence, and where the other party has, during the marriage, achieved a substantially advantageous economic position through the joint efforts of the parties, the court may award the disadvantaged party support as compensation therefor, so that the standard of living for the disadvantaged party will not be overly disproportionate to that enjoyed during the marriage, to the extent that that is practicable."

Wife's absence from the job market affected her earning capacity. Presently, there is a significant difference between the earning capacities of husband and wife. Even if, by reason of her additional training the discrepancy should lessen, husband will likely always have greater earning capacity.

However, it is not necessary for spousal support to

equalize the parties' earning capacity. *Grove and Grove, supra,* 280 Or at 353. Rather, the dependent spouse must be able to have a standard of living "not overly disproportionate" to that enjoyed during the marriage. We conclude that a spousal support award of $500 per month for five years and $300 per month for an additional ten years will achieve that objective. The initial award of $500 per month will allow wife to obtain the additional training that she needs. The $300 per month obligation for ten years gives her a significant time period to advance in her career and become self-supporting. As recognized by the court in *Grove and Grove, supra,* it is not just and equitable for one former spouse to look to the other for indefinite support, if self-support at a reasonable level is possible. Although we conclude that long-term support is appropriate here because of the length of the marriage, wife's absence from the job market and the disparity in the parties' earning capacity, we do not believe, in view of her youth and ability to work, that permanent support should be awarded.

On appeal, judgment modified to provide spousal support of $500 per month for five years from November 23, 1987, and $300 per month for the next ten years; affirmed as modified; affirmed on cross-appeal. No costs to either party.