Argued and submitted May 15, affirmed as modified October 11, 1989

In the Matter of the Marriage of

JENKINS,
*Appellant,*
*and*

JENKINS,
*Respondent.*

(D8706-63662; CA A48445)

780 P2d 786

Kathleen Kelly Moore, Portland, argued the cause and filed the briefs for appellant.

Daniel Hoarfrost, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

### DEITS, J.

Husband appeals from a dissolution judgment, seeking a modification of the spousal support awarded to wife. On *de novo* review, we modify the award.

The parties were married for 18 years. At the time of the dissolution, husband was 37 and wife, 35. They are both in good health and have high school educations. Their 18-year old son lives with wife. Husband has worked for PGE for 17 years. His annual income for the last five years has been between $37,800 and $45,700, depending on overtime. Wife has worked at Nabisco for the last 12 years. Her annual income has increased from $18,213 in 1983 to $25,551 in 1987. The parties agreed on the division of their property. Wife received assets totaling $22,172.65, including two cars, her retirement account and personal property. She also received the family home, valued at $42,000. She was required to pay husband $9,000 for his equity in the home. Husband received assets worth $23,866.16, including two late model cars, his retirement account and personal property. The court awarded wife permanent spousal support of $250 per month. Husband also must pay child support of $300 per month for their son until he is no longer a "child attending school," pursuant to ORS 107.108(4).

Husband argues that wife should not have been awarded any support or, alternatively, if she is awarded support, that it should be for a limited duration. Spousal support is to be awarded in an amount and for a period of time that is "just and equitable," taking into consideration the factors set out in ORS 107.105(1)(d). Usually, the most significant consideration in making that determination is whether the dependent spouse can maintain a standard of living not overly disproportionate to that enjoyed during the marriage. *Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977).

Both parties are relatively young and have substantial earning capacities, with husband's income being somewhat greater than wife's. Although wife's earnings have increased steadily in recent years, husband's will likely always remain higher. However, it is not necessary that support be awarded in an amount that will equalize incomes, nor is it just and equitable to allow a former spouse to look to the other for

support indefinitely, if self-support at a reasonable level is possible. *Graf and Graf,* 97 Or App 425, 428, 776 P2d 46 (1989); *Barcroft and Barcroft,* 96 Or App 515, 773 P2d 21 (1989).

Under these circumstances, wife is entitled to spousal support. In view of her age and her earning capacity, however, we conclude that permanent support is inappropriate. Spousal support for a limited time period will allow her time to adjust to being self-supporting. Wife's income, the assets received in the property division and the temporary spousal support should allow her to maintain a standard of living "not overly disproportionate to that enjoyed during the marriage." We hold that wife should receive spousal support of $250 a month for ten years.

Judgment modified to provide spousal support of $250 per month for ten years from April 26, 1988; affirmed as modified. No costs to either party.