Argued and submitted April 15, appeal and cross-appeal affirmed as modified
November 13, 1991

In the Matter of the Marriage of

David Joseph POKORNY,
*Respondent - Cross-Appellant,*
*and*

Sandra Joan POKORNY,
*Appellant - Cross-Respondent.*

(D8812-68867; CA A65828)

820 P2d 827

Mark A. Johnson, Portland, argued the cause for appellant
- cross-respondent. With him on the briefs were Paula J.

Kurshner and Gevurtz, Menashe, Hergert, Larson & Kurshner, P.C., Portland.

Jack L. Kennedy, Portland, argued the cause for respondent - cross-appellant. With him on the brief were David E. Hull and Kennedy, King & Zimmer, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

JOSEPH, C. J.

---

*Joseph, C. J., *vice* Newman, J., deceased.

## JOSEPH, C. J.

Wife appeals and husband cross-appeals from a dissolution judgment. Wife assigns error to the court's failure to award her $10,000 monthly permanent spousal support, its purported underestimation of the value of the good will of husband's medical practice and its denial of her motion for attorney fees. On cross-appeal, husband assigns error to the valuation of the good will and the amount and duration of spousal support. We modify the judgment both on the appeal and on the cross-appeal and affirm it as modified.

Wife and husband were married for 17 years and separated for 3. She is 47. He is 43. She received a master's degree in organic chemistry from Ohio University in 1970. She worked as a teacher and a chemist in the early 1970's. Beginning in 1982, she managed husband's medical office for 6 years. She is enrolled in an accounting program at Portland State University and plans to become a CPA within 5 years.

Husband is a dermatologist, specializing in a procedure known as Mohs surgery. Between 1982 and 1989, he did surgery at, and received referrals from, Oregon Health Sciences University, until it hired a staff surgeon who performs his specialty. He now practices surgery and general dermatology in Portland. His net business income in 1989 was $272,510. The court awarded wife $7,625 monthly in spousal support for 8 years. It also awarded her custody of the parties' 2 teenage boys and $964 monthly in child support. In making the property division, the court awarded wife assets that it valued at $486,683; it valued the good will of husband's medical practice at $25,000.

Wife argues that she should receive $10,000 monthly spousal support permanently. On cross-appeal, husband argues that wife should receive only $5,000 monthly for 5 years. In determining the proper duration and amount of spousal support, we consider wife's training, experience, age, health, education and earning capacity. ORS 107.105(1)(d)(A)-(M).

We conclude that the court's award of spousal support has too short a duration. Apart from her work in husband's office, wife last worked outside the home in 1975. At that time, she earned $9,000 annually as a chemist. She then

stayed home for 7 years, raising the parties' children. ORS 107.105(1)(d)(F). She worked at husband's office for no salary in 1982 and 1983, received only $2,000 (which she saved in an IRA) in 1984 and 1985 and received salaries of $22,000 in 1986 and $26,000 in 1987. If she completes the training and licensing to become a CPA, she will be entering a professional field at the age of 52. If she is successful in obtaining employment, her evidence is that she could earn $40,000 annually. Husband presented evidence that she had received offers from a chiropractor and a dentist to work as office manager for $30,000 annually.

Wife's earning capacity is uncertain and is at best substantially less than husband's. ORS 107.105(1)(d)(D). Even if she is successful in obtaining work, her anticipated earnings will be inadequate to provide her with a standard of living commensurate with what she enjoyed during the marriage. *See Bailey and Bailey,* 108 Or App 678, 816 P2d 1195 (1991). She worked at home and in husband's office. ORS 107.105(1)(d)(F). Under the circumstances, she is entitled to support that can ensure that she will enjoy a standard of living not overly disproportionate to the standard that she enjoyed during the marriage. *See Porter and Porter,* 100 Or App 401, 404, 786 P2d 740, *rev den* 310 Or 281 (1990). If the financial circumstances of the parties change, the provisions of the judgment can be modified. ORS 107.135(1); *Franzke and Franzke,* 292 Or 110, 122, 637 P2d 595 (1981). We modify the duration of spousal support to make it permanent.

However, we conclude that $6,000 monthly is a sufficient amount for wife to maintain the standard of living to which she is entitled. ORS 107.105(1)(d)(M); *Auld and Auld,* 72 Or App 747, 751, 697 P2d 220 (1985). Husband paid wife $5,000 monthly in *pendente lite* support during the dissolution. He also presented the only evidence of her expenses during that 10-month period. She spent an average of $5,621 monthly, including for the 2 children. She presented evidence that she withdrew amounts from a savings account to meet her costs but presented no evidence of how much. She noted that the $5,000 that she received was tax-free. However, the court awarded her liquid assets and income-producing property worth in excess of $200,000. Moreover, it awarded her $964 monthly in child support. ORS

107.105(1)(d)(G). In view of the evidence of her expenses and the assets that she was awarded, we reduce the spousal support amount to $6,000 a month.

■    Wife also argues that the good will of husband's medical practice was worth more than $25,000 and that the property division should be based on that greater amount. On cross-appeal, husband argues that the good will of his practice had no value. The court found that

> "goodwill is appropriate in this case and [worth] * * * $25,000.00. [Husband] has been in practice several years, but recently had to re-establish his practice. He now has a near complete facility and staff. However, [his] patient referral system must take a new direction, from the hospital to doctor referrals in order to build his practice. [His] newly established business, reputation and specialized practice (Mohs surgery), does create some goodwill despite his need to build his practice by a different referral system. The Court finds that [his] goodwill value, in this specialty practice, is no less than a family practice."

Wife's expert, who had never valued a dermatologist's practice and was unaware of either the demand for Mohs surgery or how much of husband's work involved the technique, used a formula for valuing the sale of dentists' practices and found the good will of husband's practice to be $203,400. Husband relies on *Steinbrenner and Steinbrenner,* 60 Or App 106, 652 P2d 845 (1982), for the proposition that a sole practitioner's practice has no good will, and he argues that his practice depends solely on Mohs surgery referrals. He misreads *Steinbrenner,* in which we assigned a good will value of $6,000 to $8,000 to a sole practitioner's practice, and he ignores his own expert's testimony that only one-half of his practice consists of Mohs surgery. The remaining half is divided between treating roughly 30 patients each day 2 days per week, including 10 patients who return periodically for ultraviolet light treatments. Husband's expert reported that returning patients usually generate a good will value, but he failed to explain why they generated no value here. Neither party persuades us that the court erred when it assigned a good will value of $25,000 to the practice.

■    Wife also argues that she should have received attorney fees. She asserts that, because husband has a greater

earning capacity, he should pay her fees. However, she received substantial assets from which she can discharge her obligations. An award of attorney fees under ORS 107.135(6) is discretionary, and we review only for an abuse of discretion. *Moreau and Moreau,* 87 Or App 202, 741 P2d 932, *mod* 89 Or App 563, 564, 749 P2d 1232 (1988). The court did not abuse its discretion.

Judgment modified on appeal and on cross-appeal to award wife $6,000 monthly permanent spousal support; affirmed as modified. No costs to either party.