Argued and submitted March 1, judgment modified in part and remanded in part, otherwise affirmed September 29, 1993

In the Matter of the Marriage of

Robert W. CHRISTENSEN,
*Appellant,*

*and*

Wendy Mae CHRISTENSEN,
*Respondent.*

(C91-2599DR; CA A76480)

859 P2d 1192

Gary M. Bullock, Portland, argued the cause for appellant. With him on the brief were William E. Loose and Bullock & Regier, P.C., Portland.

Robert A. Bennett, Portland, argued the cause for respondent. With him on the brief was Bennett & Hartman, Portland.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Husband appeals a judgment of dissolution, challenging the trial court's awards of spousal support and child support. We review *de novo*, ORS 19.125(3), and modify the judgment.

At the time of trial husband was 49 years old, and wife was 42. They were married for 21 years and have two children, ages 20 and 18. The older child does not live with either parent.

Husband is the sole shareholder of an auto body shop. He reported income for federal tax purposes of $53,500 in 1985, $38,150 in 1986, $46,900 in 1987, $46,850 in 1988, $58,900 in 1989, $46,300 in 1990 and $49,936 in 1991. In 1992, husband began the year with a salary of $4,085 a month, but in April of that year he lowered his salary to $2,687 a month. He reported expenses of $1,252 a month.

Wife is a high school graduate. Although she has no formal college education, she completed studies at beauty school before she married. She worked full time as a cosmetologist for about five years before the birth of the couple's first child and continued on a part-time basis until the birth of their second child. She then worked as a homemaker for seven years. After that, she worked for about three years as a part-time receptionist and clerical assistant, followed by five years of full-time work as a clerk and bookkeeper at husband's auto body shop. She then worked for three years as a real estate agent. Currently she works as a retail sales clerk at a department store. She reported income for federal tax purposes of $10,400 in 1985, $24,980 in 1986, $23,300 in 1987, $21,400 in 1988, $3,567 in 1989, $768 in 1990 and $7,791 in 1991. She currently works 35 hours a week and is paid $978 a month. Her monthly expenses are $1,683.[1]

The trial court awarded wife custody of the younger child. As part of the property division, it awarded husband the auto body business and approximately $43,000 in other assets. It awarded wife the family home, valued at $68,696,

---

[1] Wife originally reported monthly expenses of $1,973. However, at the conclusion of the trial, the trial court found her expenses to be $1,683. Wife does not challenge the trial court's finding on appeal.

approximately $60,000 in other assets and a $49,500 judgment against husband, payable in installments of $520 a month. The trial court found husband's gross monthly income to be $4,085 and wife's to be $978. It then awarded wife $1,000 a month indefinite spousal support plus $408 in child support.

Husband first assigns error to the trial court's finding that his gross income is $4,085 a month. According to husband, the trial court should have found that his income was no more than the $2,687 salary he is currently paid. Husband argues the trial court is limited to the parties' "present circumstances" and may not lawfully find that husband's income is more than what he was actually earning at the time of trial. Husband is wrong. The trial court is not bound by the fortuity of what may be a temporary business downturn or a short-term reduction in pay. It may, instead, take into account the record of the parties' earnings, their work histories and other factors in determining their earning capacities for the purpose of awarding spousal support and child support. *Harper and Harper*, 122 Or App 9, 12-13, 856 P2d 334 (1993). Here, the trial court treated husband's significant drop in salary shortly before trial with some suspicion. So do we.[2] In the light of the fairly consistent income level of approximately $50,000 over the last seven years, we find that the record supports the trial court's finding that husband's monthly income is $4,085.

Husband next assigns error to the trial court's award of spousal support. He argues that the award's amount is too high and its duration too long. He contends that it should be reduced to $500 a month for five years. Wife argues that the amount and duration of the award are appropriate in the light of the disparity in the parties' incomes and the length of their marriage.

In setting the amount and duration of spousal support, we attempt to arrive at "such amount of money for such period of time as it may be just and equitable" for husband to

---

[2] Although there is evidence that husband's business experienced a decline in gross sales over the last several years, husband's income did not track the decline. Husband, in fact, gave himself a raise less than a year before trial. Even after husband reduced his own salary, his employees continued to earn substantial amounts of money in salary and commissions.

pay. ORS 107.105(1)(d). We do not attempt merely to eliminate any disparities in the parties' incomes or to enable one spouse to look to the other indefinitely for support. *Wolhaupter-Heinzel and Heinzel*, 108 Or App 514, 521, 816 P2d 672, *rev den* 312 Or 526 (1991). We set the award at an amount that is reasonable and that will enable the party receiving the support to enjoy a standard of living that "will not be overly disproportionate" to what was enjoyed during the marriage, to the extent that is practicable. ORS 107.105(1)(d)(F); *Grove and Grove*, 280 Or 341, 350, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977). We set the duration of that award "on terms that are equitable between the parties," taking into account both need and ability to pay and keeping in mind "the goal of ending the support-dependency relationship within a reasonable time if that can be accomplished without injustice or undue hardship." *Grove and Grove, supra*, 280 Or at 353.

■      Although length of marriage certainly is a consideration in determining the amount and duration of support, it is not dispositive. ORS 107.105(1)(d); *Dull and Dull*, 104 Or App 275, 278, 800 P2d 306 (1990); *Holt and Holt*, 97 Or App 192, 200, 776 P2d 7 (1989). Other relevant considerations include the age and health of the parties, the number of dependent children, the earning capacity, employment skills and work experience of each party and the extent to which the earning capacity of a party is impaired because of an extended absence from the job market to attend to family needs. ORS 107.105(1)(d); *Crowley and Crowley*, 82 Or App 27, 29-30, 727 P2d 141 (1986).

■      Husband earns substantially more money than wife. However, his income simply is not sufficient to cover all of the payments the trial court ordered him to pay. Husband's after-tax income is approximately $3,025 a month. From that he must pay $1,000 in spousal support, $408 in child support, $520 in property judgment and $1,252 in housing and other personal expenses. That leaves husband with $159 more expenses than income. The trial court's award of spousal support is excessive.

■      As for the duration of the award, the parties were married 21 years. Nevertheless, wife is relatively young. She has the custody of one child, who attends college and is not

likely to reside with her for more than a few years. She has the family residence, substantial assets, and a sizeable equalization judgment in her favor. There is no evidence that her earning capacity is impaired because of an extended absence from the job market. She was gainfully employed before marriage, and she worked either full time or part time throughout much of the marriage. She is in good health, and her employment record clearly indicates an ability to become self-sufficient. Under the circumstances, an award of indefinite support is not warranted. Instead, support should be continued for a period of time sufficient to make a reasonable transition to self-sufficiency. *See* ORS 107.105(1)(d)(E).

■■ No doubt reducing the duration of spousal support will perpetuate some disparity between husband's and wife's incomes. However, that alone is not reason to continue spousal support indefinitely. In *Doering and Doering*, 71 Or App 101, 104, 691 P2d 120 (1984), for example, we held that, even in a 20-year marriage, substantial disparity in income capacity did not justify an award of indefinite spousal support, because the wife was only 41 years of age, was healthy, had some job skills and no longer had custody of her children. The same is true here.

We find that an award of $750 per month for eight years, commencing upon entry of the appellate judgment, to be just and equitable. In view of our modification of the award of spousal support, child support will need to be recalculated on remand.

Judgment modified to award wife spousal support of $750 per month for eight years, commencing upon entry of appellate judgment; remanded for recalculation of child support; otherwise affirmed. Costs, not including attorney fees, to husband.