Argued and submitted June 12, remanded in part; otherwise affirmed
September 6, 1995

In the Matter of the Marriage of

Kathleen D. ARNOT,
*Respondent,*
*and*

Jay A. ARNOT,
*Appellant.*

(C93-1181DR; CA A86590)

901 P2d 971

Robert E. Brasch argued the cause for appellant. With him on the brief was Brasch & Bauder.

Susan E. Watts argued the cause for respondent. On the brief were Jack L. Kennedy, Shawn L. Koch and Kennedy, King & Zimmer.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Husband appeals from a judgment in this dissolution proceeding. He makes multiple assignments of error; we write only to address his arguments regarding spousal support. On *de novo* review, ORS 19.125(3), we modify the judgment.

This was a 14-year marriage and the parties had no children. Wife is 34 years old and has training as a dental hygienist. She was not employed at the time of trial and has been diagnosed with bipolar disorder. Husband is 34 years old and, at the time of the trial, attended the Oregon Institute of Technology pursuing a computer-related degree. He expected to finish school approximately 18 months after the trial.

Husband was in the Navy for most of the marriage until he was discharged in 1991. He receives approximately $300 per month from the Navy for vocational rehabilitation and for a disability. He also receives the cost of tuition and books from the Veteran's Administration. In addition, he receives some financial support from computer consulting work and from his parents, which helps to cover living expenses. He testified that, after graduation, he expects to earn between $22,000 and $25,000 per year as a computer engineer.

The trial court awarded wife spousal support of $750 per month indefinitely, and husband appeals. He contends that the award is excessive, both in duration and in amount. We agree with husband, in part.

ORS 107.105(1)(d) provides for the award of spousal support in the "amount of money for such period of time as it may be just and equitable for the other party to contribute." We have stated that the objective of spousal support is to allow each party to achieve an economic standard of living "not overly disproportionate" to that enjoyed during marriage, to the extent that is practicable. *Christensen and Christensen*, 123 Or App 412, 415-16, 859 P2d 1192 (1993). The factors we consider in awarding support include:

"(B) The age and the physical and mental health of the parties;

"* * * * *

"(D)  The earning capacity of each party, including educational background, training, employment skills and work experience;

"(E)  The need for education, training or retraining to enable a party to become employable at suitable work * * *."
ORS 107.105(1)(d).

■■  Because wife is disabled by her bipolar illness and is unable to work, we agree with the trial court that an award of indefinite spousal support is appropriate. ORS 107.105-(1)(d)(B); *Grove and Grove*, 280 Or 341, 349, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977). Nonetheless, we believe that the amount of the award is excessive. The court based its award of spousal support on testimony regarding husband's potential income if he were to quit school and began working full-time immediately. However, if husband were forced to abandon his education, his future earning capacity would be significantly impaired and the first two years at the school he now attends could be wasted. Husband has demonstrated a need for education in order to maintain his employability. ORS 107.105(1)(d)(E). Although wife's need for spousal support is manifest, it should not have the effect of permanently impairing husband's earning capacity. Husband testified that it would take 18 months to obtain his degree. In the light of his need for education and training and his limited income while attending school, a lower support amount is warranted until he completes his education. Accordingly, we modify the award of spousal support to $350 per month for the 18 months husband testified was necessary for him to finish his course of study. Given the parties' projected income and expenses after husband's schooling is completed, we conclude that $500 per month indefinitely thereafter is appropriate.

Remanded for entry of modified judgment awarding spousal support to wife of $350 per month for 18 months, commencing on the date of trial court judgment, and $500 per month indefinitely thereafter; otherwise affirmed. No costs to either party.