Submitted on record and briefs May 19, reversed and remanded in part; otherwise affirmed September 6, 1995

In the Matter of the Marriage of

Ellen K. TAYLOR,
*Appellant,*
*and*

Robert L. TAYLOR,
*Respondent.*

(93-0578-D-3; CA A84959)

902 P2d 120

Colette Boehmer filed the brief for appellant.

Robert L. Taylor filed the brief *pro se*.

**LANDAU, J.**

Wife appeals a dissolution judgment that requires husband to pay spousal support of $250 per month for 13 years and awards husband the right to claim the parties' one minor child as a dependent for tax purposes. On *de novo* review, ORS 19.125(3), we reverse and remand.

At the time of trial, the parties were both 49 years old and had been married for 28 years. Their minor child was 16 years old. Wife has a high school education plus one year of college. In addition, she took some college-level computer classes in 1993. She worked as a bookkeeper for approximately six-and-one-half years during the marriage, and earned approximately $1,000 per month. That job ended in 1992, when her employer reduced its work force. Earlier in the marriage, wife also worked for other employers as a bookkeeper, clerk and volunteer worker. She was working part time at a minimum wage job at the time of trial, earning approximately $130 per month, and had received public assistance during the three months before trial. Husband works as an automobile mechanic and earns approximately $2,100 gross income per month. Wife reports expenses of $1,094 per month. Husband reports expenses of $1,943 per month, not counting child and spousal support obligations. Neither party contests the reasonableness of the other's expenses. The parties owned a home, with equity of approximately $70,000. Husband also accumulated retirement funds valued at approximately $75,000.

The parties agreed that wife would retain custody of their minor child, that wife would be awarded the family residence and that husband would be awarded his pension. The trial court awarded wife $250 per month spousal support for 13 years, plus $238 per month child support, and awarded husband the right to claim the child as a dependent for tax purposes. The trial court said that it would reconsider the award of the dependency exemption when wife becomes employed on a full-time basis.

On appeal, wife first challenges the trial court's award of spousal support. In setting the amount and duration of support, we attempt to arrive at "such amount of money for such period of time as it may be just and equitable" for

husband to pay. ORS 107.105(1)(d). We do not attempt merely to eliminate any disparities in the parties' incomes or to enable one spouse to look to the other indefinitely for support. *Wolhaupter-Heinzel and Heinzel,* 108 Or App 514, 521, 816 P2d 672, *rev den* 312 Or 526 (1991). We set the award at an amount that is reasonable and for a duration that is equitable, keeping in mind " 'the goal of ending the support-dependency relationship within a reasonable time if that can be accomplished without injustice or undue hardship.' " *Christensen and Christensen,* 123 Or App 412, 416, 859 P2d 1192 (1993) (quoting *Grove and Grove,* 280 Or 341, 353, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977)). Among the factors that we consider in setting an amount and duration of support are the age and health of the parties, their earning capacities, the extent to which their relative earning capacities are affected by an extended absence from the work force because of family considerations, and the net spendable income available to the parties. ORS 107.105(1)(d).

■　　We first consider the amount of support. Wife argues that husband should be required to pay $500 per month for three years, followed by $400 per month indefinitely. According to wife, she needs the additional income to cover her expenses and because husband can afford to provide the increased level of support. We disagree. Assuming wife obtains minimum wage employment, she will be capable of meeting her expenses with the level of support the trial court awarded. In contrast, even assuming that a substantial portion of husband's reported expenditures is discretionary, he is already being required to pay more than he earns. After deducting consumer debt obligations, entertainment, personal loans and similar expenses, husband is left with at least $360 more in obligations than income.[1] We have previously reversed spousal support awards that exceed a party's ability to pay. *Sigler and Sigler,* 133 Or App 68, 72, 889 P2d 1323

---

[1] According to wife's calculations, husband's net monthly income is $1,539. Assuming that husband is required to pay $500 per month spousal support, and further assuming the tax consequences of that obligation, husband would be required to pay a net of $370 per month spousal support, plus $204 per month child support. That, she contends, leaves husband approximately $965 per month to live on. After deducting $615 per month in arguably discretionary expenses from husband's reported expenses, however, husband still is obligated to pay $1,328 per month, or $363 more for expenses than he receives as income.

(1995); *Christensen*, 123 Or App at 416. Under the circumstances, we cannot say that the trial court erred in failing to require husband to pay more than $250 per month in support.

■■ We turn to the duration of the support award. Wife argues that the award should be indefinite, because of the long length of the marriage, and the substantial disparity in the parties' earning capacities. We agree. The parties were married for 28 years, and are 49 years of age. Although wife has some work experience, the record shows that her employment prospects are dim. At best, she appears capable of obtaining employment at a minimum wage. We recognize that husband already is required to pay more than he can afford. Wife, however, will not be able to meet her minimal needs without some level of continued support from husband. Although we are mindful of the goal of ending the support-dependency relationship within a reasonable time, *see, e.g., Christensen*, 123 Or App at 416, we cannot do so if the result works undue hardship. *Id.* That is so in this case.

■ Wife next assigns error to the trial court's award to husband the right to declare the child as a dependent for tax purposes. She requests that the right to claim the dependency exemption alternate between husband and wife. On *de novo* review, we conclude that the award is proper. As the trial court observed, it was appropriate to award husband the dependency exemption, because husband is working full time and wife is not. The trial court said it will reconsider its decision if wife obtains full-time employment. We see no reason to disturb the trial court's decision.

■ Wife argues in the alternative that, if the dependency exemption remains with husband, the amount of child support should be adjusted. Wife did not make that request to the trial court, and we will not consider it for the first time on appeal.

Reversed and remanded for entry of modified judgment awarding wife $250 per month indefinite spousal support, effective on the date of this opinion; otherwise affirmed. No costs to either party.