Argued and submitted December 11, 1995, remanded in part and affirmed in part
on appeal and cross-appeal April 17, 1996

In the Matter of the Marriage of

Teresa L. KRUTSINGER,
*Respondent - Cross-Appellant,*

*and*

Ansel J. KRUTSINGER,
*Appellant - Cross-Respondent.*

(94-02-33DO; CA A87802)

914 P2d 1096

Max Merrill argued the cause for appellant - cross-respondent. With him on the briefs was Merrill, O'Sullivan, Mac-Ritchie, Petersen & Dixon.

J. C. Van Voorhees argued the cause for respondent - cross-appellant. With him on the brief was Van Voorhees & Larson.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Husband appeals from a dissolution judgment, assigning error to the court's award of spousal support and to the property distribution. Wife cross-appeals, assigning error to the amount of child support, to the property distribution and to the award of attorney fees.[1] On *de novo* review, ORS 19.125(3), we modify the judgment on appeal and on cross-appeal.

At the time of trial, husband, age 51, and wife, age 46, had been married 18 years. They have one minor child. Husband owns and operates an insurance business, earning $5,573 per month. Wife worked as a teacher during the early years of the parties' marriage, but left her employment to assist husband at his insurance agency. There, she worked as a secretary and bookkeeper for 14 years, without a salary. After trial, but before the judgment of dissolution was entered, wife obtained a high school teaching position, earning $2,045 per month.

In its judgment, the trial court ordered husband to pay wife spousal support of $1,500 per month, indefinitely. To secure that obligation, husband was directed to maintain his life insurance policies and either transfer ownership of those policies to wife or name her as the "primary irrevocable beneficiary." *See* ORS 107.820 (securing support obligations). The court awarded wife custody of the couple's daughter and husband was ordered to pay $470.70 per month for child support. The court divided the parties' marital property, awarding husband the real property, furniture and equipment connected to the insurance agency, an interest in a separate parcel of real property and other assets totaling $112,335.75. Wife received the family residence, a mining claim and cabin, two insurance policies and other assets totaling $111,593.90. The court entered a judgment in favor of wife, in the amount of $370.93, to equalize the property distribution. Finally, wife was awarded $1,000 for attorney fees.

---

[1] Wife's assignment of error concerning visitation was resolved by the parties during the pendency of this appeal.

In his first assignment of error, husband claims that the spousal support award is excessive in amount and duration. Husband argues that his monthly income is insufficient to cover his court-ordered and personal expenses and that he is simply unable to pay $1,500 per month in spousal support. He further contends that if spousal support is warranted, an indefinite award is not appropriate in this case, because wife is able to maintain a comfortable standard of living on the income she receives from her teaching position. Wife argues that husband's income is sufficient to cover all of his expenses, including spousal support, and that an indefinite award is necessary to "correct" the discrepancy between their future incomes, because husband's greater earning capacity is due, in part, to wife's 14-year effort in helping him to build and maintain his insurance business.

In establishing the proper level of spousal support, we attempt to award "such amount of money for such period of time as it may be just and equitable" for the supporting party to pay. ORS 107.105(1)(d). The amount and duration of support should be set "on terms that are equitable between the parties," taking into account both need and ability to pay, while furthering "the goal of ending the support-dependency relationship within a reasonable time if that can be accomplished without injustice or undue hardship." *Grove and Grove*, 280 Or 341, 353, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977); *Christensen and Christensen*, 123 Or App 412, 416, 859 P2d 1192 (1993). There are a number of factors that we consider in our determination, including the length of the marriage, the age and health of the parties and their dependents, the parties' earning capacities and their respective financial obligations. ORS 107.105(1)(d)(A)-(M). Our objective is to enable each party "to achieve an economic standard of living not overly disproportionate to that enjoyed during the marriage, to the extent that is possible." ORS 107.105(1)(d)(M).

After reviewing the parties' respective incomes and expenses, we conclude that it is just and equitable for husband to pay $1,000 per month in spousal support. However, that amount of support should not continue for an indefinite period of time. Wife has obtained full-time employment, demonstrating that she is capable of self-support. Although wife

was unable to obtain an initial salary credit for her previous teaching experience, due to her absence from that profession, her income will increase and the evidence indicates that, over time, she will be able to maintain a standard of living "not overly disproportionate" to that enjoyed during the marriage. ORS 107.105(1)(d)(E); *Jenkins and Jenkins*, 98 Or App 699, 780 P2d 786 (1989). Accordingly, in order to ease wife's transition to financial independence and to compensate her for the initial reduction in her earning capacity, wife is entitled to spousal support for a period of five years, commencing October 15, 1994. *Christensen*, 123 Or App at 417. Husband's income is likely to remain higher than wife's; however, the purpose of spousal support is not to equalize the parties' incomes. *Ley and Ley*, 133 Or App 138, 142-43, 890 P2d 440 (1995).

Because we have modified the spousal support award, it will be necessary for the trial court to recalculate the amount of child support on remand and to reconsider its decision ordering husband to maintain life insurance to cover the spousal support award. Should the court find that the support obligation still needs to be secured, it shall specifically identify which policy or policies are to be held for that purpose and for what period of time they are to be maintained.

Husband's remaining assignment of error concerns one aspect of the marital property distribution.[2] Husband contends that the court erroneously attributed the full value of a parcel of real property to him when, in fact, he shares ownership of the parcel equally with a third party. Wife does not dispute the extent of husband's interest. The trial court found the full value of the parcel to be $28,000; therefore, we reduce the total amount of husband's property award by $14,000 to reflect his half interest.

Turning to wife's cross-appeal, we write only to address the property distribution and attorney fee issues. Wife first argues that the trial court erred when it declined to

---

[2] We need not address husband's argument regarding the allocation of the value of the parties' life insurance policies in the property division equation, because the distribution of the policies between the parties is subject to the trial court's reconsideration on remand.

assign any intangible or "goodwill" value to husband's insurance business and attributed no value to his retirement benefits. We affirm that part of the trial court's decision without discussion.

■ Wife next argues that she should not have been awarded the mining claim and cabin, which the court valued at $4,000. The 20-acre claim, located on public land near the marital residence, was willed to husband by a family friend. Husband testified that he had done some work on the claim and that he and wife had both promised to look after the prior owners' ashes, which are located at the claim. After reviewing the evidence concerning the parties' respective interest in and involvement with the claim, we find that the claim is more appropriately awarded to husband.

■ Wife's final argument regarding the property distribution is that the court erred when it included her jewelry, valued at $6,000, in the division of marital property. She contends, and we agree, that she has rebutted the statutory presumption of equal contribution, ORS 107.105(1)(f), because she received the jewelry as a gift from her mother without any effort or contribution on husband's part. *Jenks and Jenks*, 294 Or 236, 656 P2d 286 (1982); *Isham and Isham*, 139 Or App 433, 912 P2d 925 (1996). For that reason, and because no other equitable considerations warrant otherwise, the jewelry should not have been included in the property distribution equation.

Taking all of the property division modifications on appeal and cross-appeal into account, wife's assets total $101,593.90 after subtracting the value of the mining claim ($4,000) and her jewelry ($6,000). Husband's assets total $102,335.75 after subtracting $14,000 to correct the value of his interest in the parcel of real property and adding the value of the mining claim ($4,000). Wife remains entitled to a judgment of $370.93 to equalize the property distribution.

■■ In her remaining assignment of error, wife argues that the court should have awarded her the entire amount of her attorney fees, which was $21,999.59. An award of fees is discretionary. *Haguewood and Haguewood*, 292 Or 197, 638 P2d 1135 (1981); *Porkorny and Porkorny*, 109 Or App 503,

820 P2d 827 (1991). The court's award of $1,000 to wife effectively equalized each party's amount of attorney fees and we find no abuse of discretion.

On appeal, remanded for entry of judgment awarding wife spousal support of $1,000 per month for five years, commencing October 15, 1994; for recalculation of child support; and for reconsideration of need and duration of life insurance to secure spousal support obligation; otherwise affirmed. On cross-appeal, remanded for entry of judgment awarding husband mining claim; otherwise affirmed. Costs on appeal to husband. On cross-appeal, no costs to either party.