Argued and submitted March 18, remanded in part with instructions; otherwise affirmed April 17, 1996

In the Matter of the Marriage of

Danette Lea PHILLIPS,
*Respondent,*
*and*
Michael John PHILLIPS,
*Appellant.*

(94DM0960; CA A89143)

914 P2d 1092

Jacques P. DePlois argued the cause and filed the brief for appellant.

Robert E. Brasch argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Husband appeals a dissolution judgment awarding wife spousal support of $500 per month for two years and $300 per month indefinitely thereafter, and awarding wife her attorney fees. Husband challenges the amount and duration of the support and the award of attorney fees. On *de novo* review, ORS 19.125(3), we modify the award of spousal support and otherwise affirm.

The parties were married for approximately 13 years, although they lived together for several years before their marriage. At the time of trial, husband was 36 years old, and wife was 35. The parties have one minor child, age 11. Husband is a millwright and earns $2,677 per month gross income. Wife was unemployed at the time of trial and had been for the previous year. She had, however, worked at a variety of jobs throughout the marriage. It is undisputed that, during their marriage, the parties' standard of living was quite modest. Both enjoy good health.

Husband has monthly expenses of approximately $2,200, the reasonableness of which wife did not dispute. Wife did not submit a uniform support affidavit, because, as her counsel explained, she has no expenses. At the time of trial, she and the parties' child lived with her boyfriend in a house that her mother owned, and her boyfriend paid for all living expenses. Wife hopes to secure a job, but she offered no details about her plans for the future.

The trial court awarded wife custody of the parties' child. The court divided their real and personal property and debts roughly in half. It also awarded spousal support and attorney fees in the manner we have described.

Husband first assigns error to the trial court's award of spousal support. He argues that the amount is too high, given his expenses, and the duration is too long, given wife's age and good health. Wife argues that the amount of support is justified by the disparity in the parties' incomes, and the duration of the award is warranted by the length of their marriage, her current lack of employment and the fact that she has custody of the parties' child.

■ ■ When we set the amount and duration of spousal support, we attempt to arrive at "such amount of money for such period of time as it may be just and equitable" for the paying spouse to pay. ORS 107.105(1)(d). As we explained in *Christensen and Christensen*, 123 Or App 412, 416, 859 P2d 1192 (1993):

> "We do not attempt merely to eliminate any disparities in the parties' incomes or to enable one spouse to look to the other indefinitely for support. *Wolhaupter-Heinzel and Heinzel*, 108 Or App 514, 521, 816 P2d 672, *rev den* 312 Or 526 (1991). We set the award at an amount that is reasonable and that will enable the party receiving the support to enjoy a standard of living that 'will not be overly disproportionate' to what was enjoyed during the marriage, to the extent that is practicable. ORS 107.105(1)(d)(F); *Grove and Grove*, 280 Or 341, 350, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977). We set the duration of that award 'on terms that are equitable between the parties,' taking into account both need and ability to pay and keeping in mind 'the goal of ending the support-dependency relationship within a reasonable time if that can be accomplished without injustice or undue hardship.' *Grove and Grove, supra*, 280 Or at 353."

In our evaluation of the facts of each case, we consider a number of factors, none of which is dispositive, including the length of the marriage, the age and health of the parties, the number and age of the dependent children, the earning capacity of each party and the extent to which earning capacity may be impaired because of an extended absence from the job market to attend to family needs. ORS 107.105(1)(d); *Christensen*, 123 Or App at 416.

■ In this case, we are not persuaded by husband's arguments that the amount of support is unreasonable. There is no evidence that, even with husband's expenses, requiring him to pay $500 per month is unreasonable. It is true that wife reports no ongoing expenses, but she does have to pay her share of various debts, as ordered by the trial court. It is also reasonable to expect that she will require some income, at least for a short period of time, as she makes the transition back into the job market.

■   We are, however, persuaded by husband's argument that there is no reason for spousal support to continue indefinitely. Wife is young and in good health. In a relatively few years, the child will be out of high school. Wife apparently is employable; she has worked at a variety of jobs in the past and offers no evidence or reason for assuming that she cannot find employment in the future. There is also no evidence that her earning capacity suffers from an absence from the job market due to family responsibilities. She has no long-term debts or other financial obligations. In short, there is no evidence that it would work an undue hardship to end the support-dependency relationship after a reasonable time. We conclude that five years of support should provide a reasonable period of transition to self-sufficiency.

Husband next assigns error to the trial court's decision to award attorney fees to wife. We affirm that decision without discussion.

Remanded for entry of modified judgment awarding wife spousal support of $500 per month for 24 months, commencing on the date of the dissolution judgment, followed by $300 per month for 36 months; otherwise affirmed. No costs to either party.