Argued and submitted December 11, 1995, reversed and remanded in part; otherwise affirmed July 31, 1996

In the Matter of the Marriage of

Cheryll P. HARRIS,
*Respondent,*

*and*

Richard D. HARRIS,
*Appellant.*

(93003584CV; CA A85912)

921 P2d 1329

Bradford J. Aspell argued the cause for appellant. With him on the brief was Aspell, Della-Rose & Richard.

Todd A. Peterson argued the cause for respondent. On the brief were Gary M. Bullock and Bullock & Regier, P.C.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Husband appeals a dissolution judgment, assigning error to the amount and duration of spousal support. On *de novo* review, ORS 19.125(3), we reverse in part and remand for modification of the judgment.

Husband and wife were married for nearly 30 years. At the time of trial, husband was 51 years old and wife was 48. They have no minor children.

Husband works for Southern Pacific Railroad as a brakeman/conductor. He has worked there for over 30 years. His current gross monthly income is $6,600, which includes a substantial bonus. Husband does not know how much longer he intends to work. He testified that he would like to retire soon, but currently has no choice but to continue working. The earliest he can retire is at age 62. He offered limited testimony about the "current level" of his retirement benefits. There is no evidence as to the anticipated level of retirement benefits if he were to retire at any other time.

Wife worked intermittently throughout the marriage as a teacher's aide, a seamstress and a retail salesperson, but was primarily a homemaker. Most recently, she worked in sales for a plywood company, but was laid off two years before trial. She attended college and has earned an associate's degree. After being laid off from the plywood company, wife returned to college at the Oregon Institute of Technology as a full-time student and applied to nursing school. One-half of her earlier credits transferred to her current course of studies; if accepted to the nursing program, she will require at least three additional years to complete her schooling. Wife's educational expenses are approximately $1,124 per term, less a grant of $624. There is evidence that, once she has graduated, she will be able to earn between $3,000 and $4,000 per month gross income.

Wife complains of a number of medical problems, including ulcers, hiatal hernia, intestinal difficulties and arthritis throughout her joints. However, she and her doctor testified that her medical condition would not prevent her from performing the nursing work that she hopes to obtain

after completion of her education, provided that that work does not require a lot of heavy lifting. She currently raises horses, cows, sheep, dogs, chickens and cats and performs all of the labors associated with those endeavors.

The trial court awarded wife spousal support in the amount of $1,600 per month. As to duration, the court ordered that the support be paid

"until the retirement of [husband] or the full-time employment of [wife] or such other changes of circumstances as shall be ordered and decreed by this Court."

On appeal, husband argues that the amount of spousal support is too high and that the duration is too long, being conditioned on future events that may never occur.

■ In setting the amount and duration of support, we attempt to determine "such amount of money for such period of time as it may be just and equitable" for husband to pay. ORS 107.105(1)(d). We do not attempt merely to eliminate disparities in the parties' incomes or to enable one spouse to look to the other indefinitely for support. *Taylor and Taylor*, 136 Or App 416, 418, 902 P2d 120 (1995); *Wolhaupter-Heinzel and Heinzel*, 108 Or App 514, 521, 816 P2d 672, *rev den* 312 Or 526 (1991). Instead,

"[w]e set the award at an amount that is reasonable and for a duration that is equitable, keeping in mind 'the goal of ending the support-dependency relationship within a reasonable time if that can be accomplished without injustice or undue hardship.'"

*Taylor*, 136 Or App at 419 (quoting *Christensen and Christensen*, 123 Or App 412, 416, 859 P2d 1192 (1993)).

■ We first address the amount of support. Husband argues that $1,600 per month is too high, given that wife is relatively young, did not contribute to his education, has no young children to rear and will be self-sufficient, earning between $3,000 and $4,000 per month. Wife argues that the amount is appropriate, given the long duration of the marriage, her relatively poor health and the disparity in the parties' relative earning capacities.

We agree with wife that the amount of support that the trial court awarded is appropriate. The parties were married for nearly 30 years. Wife has limited work experience and currently has a limited earning capacity. As she attends school, her primary sources of income are husband's support payments, school grants and unemployment compensation. Although she has no minor children at home, she has substantial expenses, particularly associated with her education. We find no reason to disturb the amount of support.

We turn to the duration of support. Husband argues that the trial court erred in failing to require support for a period of certain duration. Because the award is to continue until either he retires or wife obtains full-time employment, husband argues, support could continue indefinitely merely by virtue of wife's decision to not seek full-time employment. That, he argues, is inconsistent with the statutory policy of ending the support-dependency relationship within a reasonable time. According to husband, support should be required only for such amount of time as is necessary for wife to complete her education which, in his view, should take no more than three years. Wife contends that the current duration of support is equitable under the circumstances, particularly given the uncertainty of her employment prospects after graduation from nursing school. It bears emphasis that wife does *not* contend that she is entitled to indefinite support, nor does she construe the judgment to require indefinite support. She is content with what she characterizes in her brief as "temporary" support, to be terminated automatically upon the occurrence of either her full-time employment or husband's retirement.

We agree with husband that the duration of support must be modified. As a rule, it is improper to award support for a period of time that is defined by a contingency the occurrence of which is a matter of mere speculation. In *Gagnepain and Gagnepain*, 113 Or App 56, 831 P2d 67 (1992), for example, the husband asked that spousal support terminate automatically upon his retirement. We held that it would be improper to do that, because "there was no evidence that husband plans to retire immediately or any indication of when he does plan to retire." *Id.* at 59. *See also McDonough and McDonough*, 141 Or App 116, 120-21, 917 P2d 36 (1996)

(duration of award cannot be tied to retirement in the absence of evidence regarding when retirement will occur and what the financial consequences of retirement will be). The preferred approach is either to award spousal support indefinitely, where the circumstances warrant, or to award support for a specified period of time that is reasonable. *Christensen*, 123 Or App at 416.

In this case, as in *Gagnepain*, there is no evidence of when husband will retire or what the financial effect will be when he does so. Husband testified that he will become *eligible* to retire at age 62, but that he did not know when he will actually retire, and he provided testimony about only the "current level" of retirement benefits. Similarly, there is no evidence as to when wife will become full-time employed. Under the terms of the dissolution, wife could graduate, take part-time employment and remain content to receive her spousal support indefinitely. Thus, the duration of support is tied to either of two events, the occurrence of which is entirely a matter of speculation. That is error.

■ Given that wife does not assert any entitlement to indefinite spousal support, we turn to a determination of the appropriate fixed term of support. Wife testified that she requires at least three years to graduate and that she requires a reasonable time after that to secure full-time employment. We frequently allow spousal support to continue after graduation for a period of several years, to allow the student spouse to make the transition from school to the workforce. *See, e.g., Krutsinger and Krutsinger*, 140 Or App 215, 219, 914 P2d 1096 (1996); *Rossi and Rossi*, 128 Or App 536, 540-41, 876 P2d 820 (1994); *Robinson and Robinson*, 125 Or App 244, 247, 865 P2d 411 (1993). We conclude that spousal support should be awarded for a fixed period of ten years. If before the end of that period, wife obtains satisfactory, full-time employment and there are reasons for modifying the judgment regarding support, the matter may appropriately be raised before the trial court.

Reversed and remanded for entry of modified judgment ordering spousal support to be paid for a period of ten years commencing with the date of the entry of the original dissolution judgment; otherwise affirmed. Costs to husband.