Argued and submitted July 11, reversed and remanded in part; otherwise affirmed
October 2, 1996

In the Matter of the Marriage of

Donald D. FINK,
*Appellant,*

*and*

Terri L. FINK,
*Respondent.*

(95-185; CA A91621)

924 P2d 872

George W. Kelly argued the cause and filed the brief for appellant.

J. David Coughlin waived appearance for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Husband appeals a dissolution judgment awarding wife spousal support of $1,000 per month for five years and $200 per month indefinitely thereafter and awarding husband child support. Husband challenges the amount and duration of spousal support. He further contends that the court miscalculated the amount of child support. On *de novo* review, ORS 19.125(3), we modify the award of spousal support and remand for recalculation of child support.

The parties were married for approximately 18 years. At the time of trial, husband was 38 years old, and wife was 36. The parties have two minor children, ages 14 and 16.

Husband is a high school graduate. After three years in the military, he worked as a warehouseman, a mechanic and a landscaper. In 1987, husband learned to shoe horses, and for the next six years he worked as a farrier, earning, at the end of that time, up to $16,000 per year. In 1993, husband was injured and became unable to continue working in that trade.

Wife also is a high school graduate. During the first years of their marriage, she worked only occasionally outside the home, in a child care center and for a local school supply store. In 1992, wife completed training and received a license to run an adult foster care business in the parties' home. By all accounts, the business was successful. In 1994, it grossed over $72,000 and netted $42,000,[1] although the net figure cannot be accepted with great confidence, given that the parties' bookkeeping did not clearly distinguish between personal and business expenses. After husband suffered the injury that prevented him from working as a farrier, he began working for wife in the foster care business.

In 1994, wife began experiencing emotional difficulties. She sought treatment, obtained medication and continued to operate the business. Later that year, however, the parties' relationship deteriorated. For reasons that are only hinted at in the trial court record,[2] husband obtained a

---

[1] This is the figure adopted by the trial court, and neither party challenges it on appeal.

[2] Husband apparently complained to the authorities that wife had been mistreating clients.

restraining order prohibiting wife from entering their home. Wife left for California, and husband continued running the foster care business. In 1995, wife returned to Oregon and began working at a local ice cream parlor, for $5 per hour.

Wife would like to begin a new career as a dietitian, which would require her to earn a four-year degree. She estimates that she would earn approximately $3,000 per month upon securing employment in that field. She testified that, although she apparently could re-enter the adult foster care field, she lacks the energy and interest to do so. Meanwhile, husband intends ultimately to leave the foster care business and seek a different job.

The trial court divided the parties' assets almost evenly, with husband receiving the family home and wife receiving certain unimproved land and an equalizing judgment. Wife was awarded spousal support of $1,000 per month for five years and $200 per month thereafter, for an indefinite period of time. The court awarded custody of the children to husband and ordered wife to pay child support.

■ Husband first contends that the amount of spousal support is too high because the parties are young, have the same amount of education and have roughly equal earning abilities. Husband contends that the duration of support is unreasonable for the same reasons. According to husband, wife is entitled to no support or, if any, for a short duration only.

■ When we set the amount and duration of spousal support, we attempt to arrive at "such amount for such period of time as it may be just and equitable" for the supporting spouse to pay. ORS 107.105(1)(d). As we explained in *Christensen and Christensen*, 123 Or App 412, 416, 859 P2d 1192 (1993):

"We do not attempt merely to eliminate any disparities in the parties' incomes or to enable one spouse to look to the other indefinitely for support. *Wolhaupter-Heinzel and Heinzel*, 108 Or App 514, 521, 816 P2d 672, *rev den* 312 Or 526 (1991). We set the award at an amount that is reasonable and that will enable the party receiving the support to enjoy a standard of living that 'will not be overly disproportionate' to what was enjoyed during the marriage, to the

extent that is practicable. ORS 107.105(1)(d)(F); *Grove and Grove*, 280 Or 341, 350, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977). We set the duration of that award 'on terms that are equitable between the parties,' taking into account both need and ability to pay and keeping in mind 'the goal of ending the support-dependency relationship within a reasonable time if that can be accomplished without injustice or undue hardship.' *Grove and Grove, supra,* 280 Or at 353."

In our evaluation of the facts of each case, we consider a number of factors, none of which is dispositive, including the length of the marriage, the age and health of the parties, the number and age of dependent children, the earning capacity of each party and the extent to which earning capacity may have been impaired because of an extended absence from the job market to attend to family needs. *Id.*

In this case, we conclude that an award of $1,000 per month for five years is reasonable. Wife requires some support in order to make a transition to financial self-sufficiency, and the $1,000 figure appears to be in line with the earnings and reasonable expenses of each party. We further conclude, however, that the record reflects no basis for an award beyond that period of time. The parties are, indeed, young and now in good physical health. Wife suggested that she continues to experience anxiety and depression, but she offered no evidence that she is incapable of full-time employment. The parties' education and earning capacities are roughly equivalent. Neither has suffered an impairment in earning capacity because of an absence from the job market to attend to family needs. Husband has custody of the children. The only factor that weighs in favor of extended support is the length of the marriage, and we have repeatedly held that that factor, standing alone, does not justify an award of indefinite support. *See, e.g., Christensen*, 123 Or App at 416; *Dull and Dull*, 104 Or App 275, 278, 800 P2d 306 (1990); *Holt and Holt*, 97 Or App 192, 200, 776 P2d 7 (1989).

■　　　　Husband also assigns error to the award of child support, noting certain errors in the trial court's calculations. In particular, he contends that the trial court failed to factor in husband's payment of health insurance benefits for the children. Husband is correct. OAR 137-50-410. It also appears

that the trial court made an arithmetic miscalculation, which we assume will be corrected on remand.[3]

Reversed and remanded for entry of judgment awarding spousal support of $1,000 per month for five years from date of original judgment and for recalculation of child support; otherwise affirmed. Costs to husband.

---

[3] The trial court found husband's current monthly income to be $3,542 and wife's to be $823. Under the guidelines, OAR 137-50-490, the basic child support obligation for two children would be $894. The trial court arrived at $847.