Argued and submitted October 8, remanded in part; otherwise affirmed
October 31, 2001

In the Matter of the Marriage of

Ricky Edward DOTSON,
*Appellant,*
*and*

Andrea Kelly DOTSON,
*Respondent.*

15-99-18473; A110768

33 P3d 1065

George W. Kelly argued the cause and filed the brief for appellant.

Marjorie A. Schmechel argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Husband appeals a dissolution judgment, assigning error to, among other things, custody of the parties' two children, the awards of spousal and child support, the division of the parties' assets, and an award of attorney fees to wife. We remand for recalculation of child support for the reasons that follow and affirm in all other respects without discussion.

Wife works half time and earns $1,609 per month. Husband contends that wife works half time as a matter of choice and that she easily could shift to full-time employment with her current employer. Wife contends that she works half time because husband insisted that she stay home to care for the children and because no full-time employment opportunities currently exist in her field.

In calculating the child support, the trial court found that wife's income was $1,609. On appeal, husband argues that the trial court erred in doing so. According to husband, pursuant to OAR 137-050-0360, when a parent is unemployed or employed less than full time, there is a rebuttable presumption that the parent can be employed on a full-time basis. Wife concedes the point but contends that the trial court could have determined that she either rebutted the presumption or that the presumed amount of support is unjust or inappropriate because of the desirability of the custodial parent remaining home to care for the children. *See* OAR 137-050-0330(2)(a).

Husband is correct that, under OAR 137-050-0360, there is a rebuttable presumption that wife is capable of full-time employment and that the trial court erred in using wife's half-time income, at least without finding, on the record, that either the presumption has been rebutted or that the presumed amount is unjust or inappropriate. *See McGinley and McGinley,* 172 Or App 717, 735, 19 P3d 954, *rev den* 332 Or 305 (2001) (in departing from amount of support presumed correct under child support guidelines, trial court must make findings to justify its decision).

Remanded for recalculation of child support; otherwise affirmed.