Argued and submitted May 2, remanded in part; otherwise affirmed
October 31, 2001

## In the Matter of the Marriage of

### Ladonna ADAMS,
*Respondent,*

*and*

### Richard Mark ADAMS,
*Appellant.*

### 97-3614-D-2; A109884

34 P3d 731

George W. Kelly argued the cause and filed the briefs for appellant.

Paul L. Henderson argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Husband appeals a judgment of dissolution, assigning error to, among other things, the award of indefinite spousal support, child support, and the division of property. We conclude that the trial court erred in awarding indefinite spousal support and remand for reconsideration of child support. We otherwise affirm.

The parties were married approximately 14 years and have three children, ages 3, 9, and 13 at the time of trial. Wife is 45 years old and works as a nurse 24 hours a week, earning $2,578 per month. Husband is 40 years old and works for the Oregon National Guard on a full-time basis, earning $3,684 per month.

During the marriage, wife's parents loaned the parties $50,000, which the parties used to repair the family home. Although there is no documentation in the record, the parties agree that the loan was made and that they made five payments of between $250 and $300; no payments have been made since 1987. Husband testified that he understood that wife's parents had since forgiven the loan. Wife and her parents testified that the loan had not been forgiven and that it is still an outstanding obligation of the parties.

The trial court awarded wife indefinite spousal support of $500 per month, reasoning that the parties had agreed that wife should stay at home to care for the children. In its division of property, the court treated the $50,000 loan from wife's parents as an outstanding debt, attributed the debt to wife, and awarded her sufficient assets to pay it back.

Husband first assigns error to the award of spousal support. According to husband, were wife to work full time, she would earn at least as much as he does. He argues that "it would effect an unprecedented change in Oregon divorce law," to award indefinite spousal support simply because a parent wishes to stay at home with the children. In the alternative, he argues that the court should step down support over a limited number of years. Wife argues that the parties agreed that she should stay home to care for the children. She suggests that, when the children are older and all in school,

there may come a time when it is appropriate for her to work full time. But, she argues, husband should move for modification at that time.

■ Husband is incorrect in suggesting that awarding spousal support to permit a parent to stay at home to care for children works a significant change in Oregon domestic relations law. *See, e.g.,* ORS 107.105(1)(d)(G) (1997); ORS 107.105(1)(d)(C)(x) (1999) (in awarding spousal support, the court may consider a party's custodial obligations).[1] We agree with husband, however, that it was inappropriate to make the award indefinite in this case. The duration of spousal support should be set "on terms that are equitable between the parties," taking into account both need and ability to pay and keeping in mind "the goal of ending the support-dependency relationship within a reasonable time if that can be accomplished without injustice or undue hardship." *Grove and Grove,* 280 Or 341, 353, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977); *see also Christensen and Christensen,* 123 Or App 412, 416, 859 P2d 1192 (1993).

In this case, it is appropriate for husband to provide support to wife to enable her to remain at home with the children, at least until they are well into school. Considering the ages of the children, we conclude that an award of $500 per month for five years, followed by $300 per month for two years, is appropriate.

■■ Husband next argues that the trial court erred in treating the parties' debt to wife's parents as an outstanding obligation. On *de novo* review, however, we agree with the trial court that the preponderance of the evidence shows that, although the payment of the debt had been suspended for a number of years, the loan had not been transformed into a gift.

Husband insists that, even if that is so, the loan cannot be treated as a debt, because collection on it is time barred. Wife responds that this argument was not raised

---

[1] In 1999, the legislature substantially amended the law relating to awards of spousal support; those amendments, however, apply only to petitions filed after October 23, 1999. Or Laws 1999, ch 587, § 3. The petition in this case was filed before that date.

below. We have examined the record and conclude that wife is correct. We reject husband's contention without further discussion.

■     Husband also argues that the trial court erred in calculating child support. He contends that the court failed to attribute to wife a full-time income. OAR 137-050-0360 does create a rebuttable presumption that a parent who is unemployed or employed less than full time is capable of full-time employment. *See Dotson and Dotson,* 177 Or App 450, 452, 33 P3d 1065 (2001). Given our decision with respect to spousal support, the trial court will need to reconsider the calculation of child support. On remand, the trial court should address whether the presumption has been rebutted in this case or whether the child support amount that is presumed correct under the guidelines is otherwise unjust or inappropriate. *Id.*

Husband advances other arguments, which we also reject without discussion.

Remanded for entry of modified judgment awarding wife spousal support of $500 per month for five years, followed by $300 per month for two years, and for reconsideration of child support; otherwise affirmed.